## SHELLINGTON *vs.* HOWLAND.

In order to render a stockholder in a manufacturing corporation personally liable for the debts of the corporation, under sec. 24 of the act of 1848, (chap. 40,) it is not necessary for a creditor to show a judgment recovered against the corporation, and an execution returned unsatisfied in whole or in part.

The clause of that section which requires the return of an execution unsatisfied applies only to stockholders who have ceased to be such; not to persons sued as stockholders of the company. An agreement to sell stock, not consummated, is not enough to authorize the defence that the creditor's remedy against the corporation has not been exhausted.

Under section 25 of the act of 1848, a completed transfer of the stock, entered on the books of the corporation, is essential, in order to exonerate the original stockholder from his liability for the debts of the corporation.

The corporation being absolutely required, by that section, to keep a book which shall show who the existing stockholders are, it is no answer to a creditor objecting that an alleged transfer was not registered, to say that the company had no such book, at the time.

Section 24 of the act of 1848, requiring, as a condition precedent to the personal liability of a stockholder, the commencement of a suit against the corporation, for the recovery of a debt, is not complied with by commencing a suit for the recovery of a *part* of the debt.

Accordingly, where a creditor brought an action against a corporation, before a justice of the peace, upon an account for work and labor, &c., amounting to $366,60, the complaint claiming $200 only, (that being the extent of the justice's jurisdiction,) and no suit had been brought against the company for the balance of the account; *Held*, in an action by a creditor against a stockholder, that the recovery must be limited to $200 and interest.

APPEAL from a judgment for the plaintiff, entered on a verdict at the Monroe circuit.

*John Van Voorhis*, for the appellant.

*Theodore Bacon*, for the respondent.

*By the Court*, TALCOTT, J. This action was brought to charge the defendant as a stockholder of the "Penfield Paper Company," a corporation created under the "Act to authorize the formation of corporations for manufacturing, mining, mechanical or chemical purposes," (*Laws of* 1848, *chap.* 40,) for a debt due to the plaintiff.

Shellington *v.* Howland.

for services performed by him as a servant and laborer for the corporation. This case was once before brought to the General Term, and a verdict for the plaintiff was there set aside and a new trial ordered, on account of a failure to prove compliance with the condition precedent imposed by the 24th section of the act, which provides that "no stockholder shall be personally liable for the payment of any debt contracted by any company formed under this act, which is not to be paid within one year from the time the debt is contracted, nor unless a suit for the collection of such debt shall be brought against such company within one year after the debt shall become due." That defect of proof has been supplied on the second trial. It is now claimed that it was necessary for the plaintiff to have gone farther, and to have shown a judgment recovered against the corporation, and an execution against it returned unsatisfied, before bringing his action against a stockholder. Although, if we could be permitted to substitute our own ideas of what would be just and expedient in place of the legislative enactment, we might be very ready to come to the conclusion that a creditor should be compelled to exhaust his remedy against the corporation before being permitted to maintain his suit against an individual stockholder, we are unable so to construe the statute without violence to the language. The 24th section of the act, which is in question, is as follows, viz. : "No stockholder shall be personally liable for the payment of any debt contracted by any company formed under this act which is not to be paid within one year from the time the debt is contracted, nor unless a suit for the collection of such debt shall be brought against such company within one year after the debt shall become due ; and no suit shall be brought against any stockholder who shall cease to be a stockholder in any such company, for any debt contracted, unless the same shall be commenced within two years from the time he

shall have ceased to be a stockholder in such company, nor until an execution against the company shall have been returned unsatisfied in whole or in part."

The defendant was sued as a stockholder of the company, not as one who had ceased to be such stockholder. It is true that the defendant claims that he agreed with Hogeboom and Wheeler, the president and superintendent of the company, to sell his stock nominally amounting to $4,000 to the company for $800, to be paid in paper. It is not shown that Hogeboom and Martin, or either of them, had any authority to make this purchase on behalf of the company, or that it was ever ratified by the company or the consideration paid.

No evidence was given that the shares held by the defendant had ever been transferred upon the books of the company. In fact, it was substantially conceded that they had not been so transferred, and the reason offered for this was that the transfer book had probably been burned before the time when the defendant had agreed to sell his stock to the company. The 25th section of the act provides that "no transfer of stock shall be valid for any purpose whatever, except to render the person to whom it shall be transferred liable for the debts of the company * * * until it shall have been entered," &c. Under similar provisions to this it has been held that a transfer of stock not entered on the transfer book, is so far valid, as between the parties to the transfer and the corporation as to confer an equitable title upon the transferee, with the right to demand and enforce a transfer against the company; but on the other hand, it has also been held that a completed transfer entered on the transfer book is essential in order to exonerate the original stockholder from his liability to creditors. Creditors can only be governed in giving credit, and in commencing actions, by what appears upon the transfer book. And cannot know what transfers have taken place by merely handing over the stock cer-

Shellington *v.* Howland.

tificate from one to another with a power of attorney to transfer indorsed. To allow a creditor to be defeated by such a secret transfer would be a fruitful source of fraud and surprise. The corporation is absolutely required by the 25th section to keep a book which shall show who the existing stockholders are; and it is no answer to a creditor objecting that the alleged transfer was not registered, to say that the company had no such book at the time of the alleged transfer. It is doubtless within the power of any stockholder to compel the officers of the corporation to keep such a book as the statute requires; and if it has been casually destroyed its place should be supplied, if those who might avail themselves of the fact that they have ceased to be stockholders desire to protect themselves.

If the foregoing views are correct it becomes unnecessary to consider what effect the injunction issued out of the court of bankruptcy, restraining the farther prosecution of suits against the corporation, might have in excusing the performance of the condition precedent; nor is it necessary to consider how far the proving and establishing of the debt under the bankruptcy might be considered a judgment, and the final distribution an execution, within the meaning of the manufacturing act.

For the reasons before stated we are of opinion that the plaintiff was entitled to recover. A question then arises as to the amount which he was entitled to recover. The verdict directed for the plaintiff was for $306.60 of principal with interest, in addition. The action was upon a continuous account for work and labor, extending from June 24th, 1869, to February 1st, 1870, amounting in all to $306.60. The action which was brought against the company was commenced before a justice of the peace, and the complaint in that action was for work, labor, &c., to the amount of $200, which was the extent of the jurisdiction of the justice. The plaintiff, if he

had proceeded with the suit before the justice, could not afterwards have sued the corporation upon the balance of his account, which could not be split up and made to form the basis of several distinct actions. The twenty-fourth section of the act, requiring that before resorting to the liability of the stockholder a suit shall have been commenced against the corporation, requires that the suit shall have been commenced for "such debt," that is, the same debt for which it is sought to charge the stockholder, neither more or less. It is to be presumed that the stockholder and the company were expected by the legislature to obtain information of the nature and extent of the claim against the corporation from the suit commenced against it, and the stockholder to be thereby enabled to judge of the nature and extent of his own liability, and to be governed by what he might thus learn in regard to any measures for defence or indemnity to be adopted by him. This seems to be the only reason why the mere commencement of a suit against the corporation is required as preliminary to any attempt to enforce the liability of a stockholder. At all events no suit has been commenced against the company for any part of the debt recovered against the stockholder in this action except for $200, parcel of the plaintiff's account, and it seems to be clear that as to any excess over the sum of $200, the statutory condition precedent, namely, the prior commencement of a suit against the corporation for its recovery, has not been complied with.

We are of the opinion, therefore, that the plaintiff is entitled to his recovery, but only to the extent for which a suit had been commenced against the corporation.

The judgment is affirmed, upon the condition that the plaintiff stipulate, according to the practice, to deduct from the verdict and judgment all except the sum of $200, with interest, thereon from February 1st, 1870. Otherwise the judgment is reversed and a new trial

ordered with costs to abide the event. Costs of appeal to neither party.

[FOURTH DEPARTMENT, GENERAL TERM at Syracuse, January 7, 1873. *Mullin* and *Talcott*, Justices.]

(*a*) Affirmed by Court of Appeals. See 53 *N. Y.*, 371.