JOHN M. PHILLIPS, SURVIVOR, ETC., RESPONDENT, *v.* LOUIS F. THERASSON, IMPLEADED, ETC., APPELLANT.

*Section* 10, *chap.* 40 *of* 1848 — *capital stock not paid in full* — *liability of stockholders arising from* — *Statute of limitations.*

Under the provisions of section 10 of chapter 40 of 1848, declaring all stockholders liable to an assessment equal to the amount of stock held by them respectively for all debts of the corporation, until the capital stock is paid up in full, and declaring the corporation dissolved if the capital stock is not all paid up in two years from the incorporation of the company, an action to enforce the liability thereby created must be brought before the expiration of six years from the termination of the two years allowed for the paying up of the capital stock, or it will be barred by the statute of limitations.

A stockholder is not liable under the act, for a debt created prior to his becoming a stockholder.

APPEAL from an order sustaining a demurrer to the defendant's answer.

This action was brought on October 1, 1874, against the defendants, stockholders of the American Tunnel Machine Company, to compel the payment of a debt alleged to be due from the corporation, it being claimed that the capital stock had not been paid up in full, as required by the act of 1848. The corporation was formed on June 15, 1865. Immediately after the incorporation of the company plaintiff was authorized to do certain work, for which he, on the 26th of June, 1866, recovered a judgment against the company for $5,391.84.

The answer, among other things, alleged that the indebtedness was contracted, if ever, before the subscription by the defendant for the company's stock.

*Wm. Allen Butler*, for the appellant.

*R. McK. Ormsby*, for the respondent.

BRADY, J.:

The tenth section of the act of 1848, authorizing the formation of companies for manufacturing purposes (Laws of 1848, chap. 40), declares that the stockholders shall be severally individually liable to

the creditors of the company to an amount equal to the amount of stock held by them respectively for all debts and contracts made by the company, until the whole amount of the capital stock fixed and limited by such company shall have been paid in and a certificate thereof shall have been made and recorded as provided, and it is further declared that such capital stock shall all be paid in within two years from the incorporation of the company or such corporation be dissolved. The defendant the American Tunnel Company was formed on the 15th June, 1865. The defendant Therasson subscribed for 100 shares of the stock. He paid an assessment of five per cent. The whole subscription was not paid by him and other subscribers, and therefore the whole capital stock was not paid in within the two years limited for that purpose, and which expired on the 15th June, 1867.

The plaintiff's judgment was recovered on the 26th June, 1866. The defendant Therasson's liability commenced probably at the time the debt due the plaintiff was contracted, because the capital stock had not been paid in, and never was. Assuming, however, that the stockholders and company had until the 16th June, 1867, which would be two years after the formation of the company, to pay or procure the payment of the capital stock, the obligation then became absolute, because the capital stock was not paid in and the right of the creditors of the company, became fixed to sue the stockholders under the provisions of the act mentioned. The liability to the plaintiff was created by statute, and that liability thus created existed for six years, and no longer. The statute declares, as we have seen, that if the capital stock be not paid in within the two years, the corporation shall be dissolved. The remedy of the corporation, through its receiver, for unpaid subscriptions, if it existed, would at least begin from the expiration of the two years, because the corporation would have no life as such beyond that time. The statute declares it dissolved. This action was commenced in October, 1874, which was more than seven years after the expiration of the time limited for the payment of the capital stock, and more than nine years after the formation of the company. The defendant Therasson, therefore, set up as a defense the statute of limitations. It seems to have been well interposed. The liability of the defendant Therasson to the plaintiff rested upon the tenth section of the

act of 1848, as we have seen, and by which the stockholder is admonished that the capital stock of the company must be paid up and thus placed within reach of the creditors, who relied upon it, and to which they properly looked for the payment of their demands. The statute, in other words, was designed to insure a subscription for stock in substance, and not in form only, and thus to prevent what might, otherwise, operate fraudulently. The legislature said to the stockholder, unless the capital is paid in you shall be liable; and you must see to it that this requirement, which is one of substance, shall be observed. Regarded as either arising upon contract or a liability created by statute, the claim is, therefore, within the statute of limitations affecting civil actions, and by which such actions must be commenced within six years. The plaintiff's counsel insists that the plain import of the statute is, that the liability of the stockholder shall continue as long as the delinquency continues; and therefore the right of action remains until the capital is paid up. This is an erroneous view of the subject. The statute of limitations covers all classes of actions, and properly, because it relates to rights which begin at a known time or period. Every cause of action has its time of origin, and its determination. Under the Code, section 4, they are civil and criminal. The distinctions between actions at law and in equity are abolished (section 69); and by section 74 it is declared that civil actions can only be commenced within the periods prescribed, after the cause of action shall have accrued. Section 91 declares that an action upon a contract, obligation or liability, express or implied, except those mentioned in section 90, of which this is not one, shall be commenced within six years; and there are no provisions extending the period, save those contained in sections 108 and 109, which, except actions to enforce the payment of bills, notes, and other evidences of debt, issued by moneyed corporations, or issued and put in circulation as money, and actions against directors and stockholders of moneyed corporations or banking associations to recover a penalty or forfeiture imposed, or to enforce a liability created by law; but such actions shall be brought within six years after the discovery by the aggrieved party of the facts upon which the penalty of forfeiture attached, or the liability was created.

The provisions contained in the Revised Statutes relating to the

subject, prior to the Code, were repealed (sections 73, 74), except where, in special cases, a different limitation is prescribed by statute; and there being no special or different limitation for such an action as this, the provisions of the Code apply.

The actions against stockholders, other than those of moneyed or banking corporations, are to be commenced within six years after the cause of action accrued. The exclusion of that class from section 109, just quoted, is evidence of the legislative intent on the subject.

The liability of the defendant Therasson to the plaintiff is one created by law, and is of a class which it would be necessary to commence even against the stockholder of a moneyed or banking corporation, if it were not for the provisions of section 109, just recited.

The case of *Conklin* v. *Furman* (48 N. Y., 527) seems to be decisive of this question. The stockholder therein prosecuted was made liable by statute for the debts of the company, and it was held that if the action was not commenced against him until after the expiration of six years from the time the cause of action arose, it was barred.

The cases are parallel. The defense considered should, therefore, have been sustained. This is not an action in equity against all the stockholders to determine their rights and obligations or to enforce equitable contributions. The defense that the plaintiff's debt was contracted before the defendant Therasson became a stockholder, was also well pleaded. It is a good answer. (*Tracy* v. *Yates*, 18 Barb., 152.) He is not liable for debts which were contracted prior to the time when he became a stockholder.

The order appealed from should, for those reasons, be reversed, with ten dollars costs and the disbursements of this appeal.

DAVIS, P. J., and DANIELS, J., concurred.

Order reversed, with ten dollars costs and disbursements.