CHARLES W. HANDY, RESPONDENT, v. JACOB K. DRAPER, APPELLANT.

*Creditor of corporation—when his right to sue a stockholder for the amount unpaid on his stock accrues—when it is barred by the statute of limitations—1848, ch. 40, §§ 10, 24.*

To authorize a creditor of a corporation formed under chapter 40 of 1848, to maintain an action against one who is then a stockholder thereof, to recover the amount unpaid upon his stock, as provided in sections 10 and 24 of the said act, it is sufficient to show that an action has been brought against the company as therein provided, and it is not necessary to show that a judgment has been recovered against it, and that an execution issued thereon has been returned unsatisfied in whole or in part.

The statute of limitations commences to run in favor of the stockholders from the time of the bringing of the action against the company, and not from the time of the return of an execution issued upon a judgment recovered against it.

*Lindsley* v. *Simmonds*, 2 Abb. Pr., N. S., 69,—overruled.
*Shellington* v. *Howland*, 67 Barb., 14,—followed.

APPEAL by the defendant from a judgment in favor of the

plaintiff, entered upon the trial of this action by the court without a jury.

The action was brought against the defendant as a stockholder in a manufacturing corporation, under the following clauses of the act of February 17, 1848.

"§ 10. All the stockholders of every company incorporated under this act shall be severally individually liable to the creditors of the company in which they are stockholders, to an amount equal to the amount of stock held by them respectively, for all debts and contracts made by such company, until the whole amount of capital stock fixed and limited by such company shall have been paid in, and a certificate thereof shall have been made and recorded as prescribed in the following section."

"§ 24. No stockholder shall be personally liable for the payment of any debt contracted by any company formed under this act, which is not to be paid within one year from the time the debt is contracted, nor unless a suit for the collection of such debt shall be brought against such company within one year after the debt shall become due; and no suit shall be brought against any stockholder who shall cease to be a stockholder in any such company, for any debt so contracted, unless the same shall be commenced within two years from the time he shall have ceased to be a stockholder in such company, nor until an execution against the company shall have been returned unsatisfied in whole or in part."

The plaintiff bought a judgment recovered by an original creditor against the company, in a suit begun August 11, 1873. The present action was begun by him more than six years thereafter, i. e., August 18, 1879.

The defendant has never ceased to be a stockholder.

The defendant claimed that, under section 24 of the statute, the right of action against a continuing, as distinguished from an ex-stockholder, accrued at the moment suit was begun against the company, and, as it was more than six years since that time, the statute of limitations was a bar. The court held that the right was not complete till the return of an execution against the company unsatisfied, and as that was within six years the statute did not apply.

*James W. Treadwell,* for the appellant.

*A. Loring Cushing,* for the respondent.

GILBERT, J. :

There is no occasion that I can discover for departing in this case from the settled and salutary rule for the interpretation of statutes, namely : that an act is to be construed according to the ordinary and grammatical sense of its language, and that a proviso which on the face of the act is not inconsistent with the other enactments therein, is not to be limited or enlarged upon any supposition respecting its policy or intention. The intention of the Legislature governs all rules of construction, but when the language used in a statute is precise and unambiguous, it best declares such intention. (*Johnson* v. *H. R. R. R. Co.*, 49 N. Y., 462.) Section 10 of the general act for the incorporation of manufacturing, &c., companies (ch. 40 of 1848), imposes an absolute liability upon stockholders, until the capital of the company shall have been paid in. The reason of this is obvious. The act permits the company to exercise its corporate powers when its capital stock has been subscribed merely, but requires the payments of its capital stock one-half in one year, and one-half in two years. Hence, section 10 was designed to afford to creditors of the corporation the security of the personal liability of stockholders, as a substitute for capital paid in. Section 24 of the act operates as a proviso appended to section 10, and must be read accordingly. The ordinary and grammatical sense of the language of that section is plain. It does not make the liability imposed by section 10 dependent upon the recovery of a judgment against the corporation and the return of an execution thereon. Such a qualification would have been incompatible with the intention of the Legislature manifested in the tenth and other sections of the act, namely : to provide a present means of enforcing payment of the debts of the corporation equivalent in some degree at least to that which would have existed, if the stockholders had done that which stockholders generally are required to do, namely : paid in their subscriptions to the capital. As an additional security to creditors, power was given to the corporation to forfeit the stock

subscribed in default of payment of subscription thereto. Taking all these provisions together, it seems to me quite apparent that the Legislature intended to make the liability of stockholders a primary one, and enforceable immediately. What the reason was for requiring a suit to be commenced against the corporation it is difficult to say, and it would do no good to conjecture. It would be equally difficult to imagine why a remedy, evidently intended to be as direct and speedy as that against the corporation, should be frustrated by construction. It is an honest and just provision that stockholders who have not paid in their subscription should be liable for corporate debts within the limitation prescribed. But to make the remedy to enforce such liability dependent upon the inability of the creditor to obtain payment from the corporation would greatly impair its efficacy, and in cases where the corporation had become insolvent would require the creditor to prosecute a useless and expensive suit. The judgment would not be even *prima facie* evidence of the debt in his action against the stockholder. Nor can any good reason be given why a litigation with the corporation should be forced upon the creditor rather than the stockholder. If the corporation be solvent, I perceive no reason why the stockholder should not pay and then have recourse to the corporation. That rule governs the common relation of principal and surety. If the corporation be insolvent, it is by no means certain that either the creditor or the stockholder would be benefited by obtaining a judgment against it. Without pursuing the subject further, it is enough to say that the condition, which suspends the liability imposed by the act until after the return of an execution against the company, applies only to persons who have ceased to be stockholders. The case of *Lindsley* v. *Simonds* (2 Abb. Pr., N. S., 69), is a decision at Special Term, and it must be deemed overruled by the case of *Shellington* v. *Howland*, at General Term (67 Barb., 14). The last case was affirmed by the Court of Appeals in 53 N. Y., 371, but without a determination of the point here discussed.

The judgment must be reversed, and a new trial granted, with costs to abide the event.

Present—BARNARD, P. J., GILBERT and DYKMAN, JJ.

Judgment reversed, and new trial granted, costs to abide event.