## JAMES S. McMASTER, Respondent, v. MARSHALL T. DAVIDSON, Appellant.

*Manufacturing corporation — liability of stockholders for its debts — they are liable for payments falling due upon contracts made before they became stockholders — what is a sufficient averment of the recovery of a judgment against the company.*

In an action brought against a stockholder in a manufacturing corporation to recover a debt due from it the complaint alleged, among other things, that no certificate showing that the capital stock was paid in had been filed; that the defendant became a stockholder in the corporation on or about October 7, 1875; and that on or about June 10, 1875, the company entered into a contract with one Black to insert an advertisement in a journal published by him for one year, commencing in July, 1875, for the sum of $400, payable quarterly.

*Held,* that although the defendant was not a stockholder at the time the contract was made, he was liable for the installments falling due thereunder after he became and while he continued to be one.

The complaint alleged that within one year after the debt became due an action to recover the same was brought against the company and a judgment recovered against it, upon which an execution had been issued and returned unsatisfied. Upon a demurrer to the complaint:

*Held,* that the averment was sufficient to indicate that the judgment was recovered for the same debt which was sued for in this action, and that having been recovered for the whole debt it included the three installments for which the defendant was liable.

Appeal from a judgment of the Special Term overruling the defendant's demurrer to the amended complaint, and rendering judgment in favor of the plaintiff for the sum of $480.42.

This is an action brought by the assignee of a judgment creditor of a corporation known as the Telescopic Hydraulic Elevator Company, against the defendant, on the ground that he is a stockholder of said company, and that no certificate showing that the capital stock had been paid in was filed as required by the general manufacturing act, under which the corporation was organized.

The complaint, after. alleging the incorporation of the company under the aforesaid act, alleged " that the defendant became a' stockholder in said company on or about the 7th day of October, 1875, and has been ever since, and now is, a stockholder in said company, and the amount of stock held by him in said company, from on or about said 7th' day of October, 1875, to this time and now held by him, is seventy-five shares of one hundred dollars each, amounting to the sum of seven thousand five hundred dollars."

It then alleged " that on or about the 10th day of June, 1875, the said company entered into a contract " with one Austin Black, to insert an advertisement in the journal published by him, " for one year, commencing in July, 1875, number, for the sum of $400, payable quarterly."

The complaint then proceeded to allege the performance of the contract by Black, the recovery of judgment thereon by Black for $581.18, being $442.84 due on the contract and $138.34 costs, the return of execution thereon unsatisfied and the assignment of the judgment to the plaintiff. The complaint demands judgment for $412.50, the amount of the contract debt, with interest from the time the payments became due.

*Sewell & Pierce*, for the appellant.

*Peck & Robinson*, for the respondent.

HARDIN, J.:

The complaint alleges that the defendant became a stockholder on the 7th of October, 1875, in the Telescopic Hydraulic Elevator Company, organized under the general manufacturing act, and that as such stockholder he is liable for the debt set out in the complaint. The debt had its origin in a contract made by the company on the 20th of June, 1875, and *its fulfillment*, which contract was for the services of one Black, in publishing in his journal an advertisement, " for one year, commencing in July, 1875," for the sum of $400, payable quarterly.

The defendant demurred to the complaint, upon the ground that it did not contain facts sufficient to constitute a cause of action. The demurrer was overruled and judgment ordered for the plaintiff

for " the amount of the three last payments which become due on said contract." The defendants having appealed from the judgment of the Special Term, claims before us that the judgment is erroneous: First. "Because the defendant was not a stockholder when the contract, under which he is sought to be made liable, was entered into." Second. * * * "That the action against the company was for the whole amount, and no action was brought for either of the installments." Third. * * * "It was error to include in the judgment the sum of one hundred dollars, which became due December 1, 1875, and the like sum which became due March 1, 1876, as they became due more than one year before the action was brought against the company, as that was not commenced till March 5, 1877." Section ten provides, viz.: "All the stockholders of every company incorporated under this act shall be severally and individually liable to the *creditors* of the company in which they are stockholders to an amount equal to the amount of the stock held by them, *respectively, for all debts and contracts* made by such company, until the whole amount of the capital fixed and limited by such company shall have been paid in and a certificate shall have been made and recorded as provided in the following section."

If the section contained only the words "contracts made" in prescribing what the stockholders should be liable for, the argument now made to us would avail the defendant, as the contract under which Black carried on the publication was made in June, prior to the 7th of October, 1875, when the defendant became a stockholder.

But the statute declares the stockholders shall be liable "for all debts * * * made by such company." According to the terms of the contract there was no debt due from the company to Black until after he had performed services for the company under his contract with it, and upon the request named in the contract.

Such services became due at the end of each quarter, and then it was that a debt arose against the company. (*Oviatt* v. *Hughes*, 41 Barb., 542; *Garrison* v. *Howe*, 17 N. Y., 465.)

In the case last cited, Denio, J., said: "We do not think a debt for lumber furnished under the contract, subsequent to its execution, can be said to have been contracted when the agreement was signed; * * * and there is *no debt* in existence until lumber

has been delivered." *Moss* v. *Oakley* (2 Hill, 268), cited by the appellant, does not aid the position taken here by the appellant.

That was a case where BRONSON, J., said: "In the absence of any suggestion to the contrary, it is but *reasonable to presume* that the debt was contracted at the time the note was made, and then the averment in the declaration is in substance that the defendant was a stockholder *at the time* the debt was contracted."

Nor does *Freeland* v. *McCullough* (1 Denio, 426) aid the appellant. JEWELL, J., said there, that "the averment that the defendant was a stockholder at the time the debt was contracted, for which the draft was made, is sufficient."

Nor does *Tracy* v. *Yates* (18 Barb., 152) support the position of the appellant, as Judge ROSEVELT carefully shows that Mrs. Yates was not a stockholder when the notes were made which were the evidence of debt. They were made prior to 15th of January, 1850, and she became a stockholder March 4, 1850. (See, also, *Phillips* v. *Therasson*, 11 Hun, 144.)

That an action may be brought by a single creditor against a stockholder for a debt contracted by the company was maintained by the decision of *Weeks* v. *Love* (50 N. Y., 569).

Same case was approved in *Pfohl* v. *Simpson* (74 N. Y., 142), in which case, upon certain equities appearing in a bill, I granted an injunction against several creditors and brought them and the stockholders before the court for an equitable distribution arising out of the stockholders' liability.

Although the right to an equity suit was approved in the Court of Appeals, the general doctrine as laid down in *Weeks* v. *Love* (*supra*) was approved.

*Second.* The complaint avers that a judgment was recovered by Black within one year after said debt become due, and we think that averment sufficient upon a demurrer admitting it, to indicate that the judgment there was *for the same debt*, for which the plaintiff has recovered here, at least so far as the recovery here. The greater includes the lesser. That there was a recovery there for four quarters, is to be taken as including the three installments recovered here. The case of *Shellington* v. *Howland* (67 Barb., 14) is not in point. There the recovery against the company had been for only $200 in a Justice Court, and this court held that a recovery

could not be had beyond the amount for which the judgment was had against the company.

*Third.* Demurrer must be held to admit the allegation in the complaint that within one year "after said debt become due," Black brought an action against the company for the debt.

If the defendant has a defense of the statute of limitations he must set up the same in an answer after leave obtained. It is not available on demurrer to the complaint. The judgment should be affirmed.

SMITH, P. J., and MACOMBER, J., concurred.

Judgment affirmed.