(5 Misc. Rep. 550.)

### CLOSE v. SHERWOOD.

(Superior Court of Buffalo, General Term.    November 14, 1893.)

CORPORATIONS — TRANSFER OF STOCK — LIABILITY OF PURCHASER.
  Where a stockholder who is personally liable to a creditor of the corporation sells his stock, the purchaser becomes liable for the claim of such creditor.

Action by Charles J. Close against Sidney G. Sherwood as a stockholder of the American Bit-Brace Company.    Judgment for defendant.    Plaintiff moves for a new trial on a case and exceptions ordered to be heard in the first instance at the general term. Granted.

Argued before HATCH and WHITE, JJ.

Simon Fleischmann, for plaintiff.    D. C. Stickney, for defendant.

HATCH, J.    This case differs from those which have preceded it. The facts upon which plaintiff relies are not changed, but the attitude of the defendant is.    While admitting that he is a stockholder, he claims and establishes that he became such stockholder by transfer of stock from two prior stockholders after the debt which is now sought to be enforced against him had been incurred, in consequence of which he claims exemption from liability.    At the close of the trial both parties moved for .the direction of a verdict.    Plaintiff's motion was denied; defendant's motion was granted; and, to both rulings, plaintiff excepted.    The ground of the court's holding is in harmony with defendant's claim.    Assuming that no new contract was entered into, or debt created, after defendant became a stockholder, I do not think such fact, in view of defendant's source of title to the stock, is sufficient to exempt him from liability for the debt sued upon, to the extent of his holding.

In Johnson v. Underhill, 52 N. Y. 212, Judge Folger, in speaking for the court, said:

"The vendee does, in all cases of sale and transfer to him, take the shares with a right to all the benefits attached to or growing out of them; and this from the mere fact of the sale and transfer. And so, from the same fact, he takes them subject to all the burdens and liabilities attached to or growing out of them; and so the law will imply a duty, obligation, or promise, from him to the vendor, that these burdens and liabilities shall not come upon the latter."

In this case the stock had been transferred, but the transfer had not been entered upon the books of the company; and the vendor, after paying judgments recovered against him by reason of his appearing to be a stockholder upon the books of the company, was permitted to recover of his vendee.

It is not denied but that this action can be maintained against defendant, if he was, by the transfer, obligated to protect the vendor. While the Johnson Case is not directly decisive of the question now presented, yet, in principle, the same result is reached. The liability is established by the ownership of stock, and the extent of the holding measures the limit. of recovery. When the purchaser takes the stock, he derives from the purchase all the benefits which attach to it, in the form of dividends, property rights, and right of control. As it has, prior to the transfer, represented the extent of liability in the hands of the owner as stockholder, its character is not changed by the transfer, and the liabilities attach to the purchaser. He takes it subject to them, and must be considered as assenting thereto. This view is announced, upon a state of facts in all respects similar to the present question, by the supreme court of Ohio, (Brown v. Hitchcock, 36 Ohio St. 667,) and the Johnson Case is there cited to sustain the principle laid down. The supreme court of Illinois reaches a like conclusion. Root v. Sinnock, 120 Ill. 350, 11 N. E. Rep. 339. Tucker v. Gilman, 121 N. Y. 189, 24 N. E. Rep. 302, is not in conflict. There the defendant had, in good faith, parted with title to the stock before the debt was contracted; and, because the trial court rejected testimony tendered to prove such fact, its judgment was reversed. So far as the case bears upon the proposition here, it is in favor of plaintiff's contention, for it asserts that the liability to respond to the demands of creditors of the corporation rests upon those who are its stockholders. The case of Tracy v. Yates, 18 Barb. 152, does not present the question now here. The stock, in that case, was issued directly by the corporation to the holder, subsequent to the incurring of the debt, and it was held that she was not a stockholder, within the meaning of the section, when the debt was incurred. Phillips v. Therasson, 11 Hun, 141, presented the same question as the Tracy Case. This case is different. Here, the stock was issued. It represented a liability created after issuance, which, having once attached thereto, continued.

It is not necessary to consider the other questions in the case, as this must lead to a reversal of the ruling. Exceptions sustained, and motion for a new trial granted.