KINCHEON v. EDWARDS. (No. 5539.)

(Court of Civil Appeals of Texas. Austin. Dec. 22, 1915. Rehearing Denied Feb. 2, 1916.)

1. BOUNDARIES 🔑37 — ESTABLISHMENT — TESTIMONY OF SURVEYOR.

Where, in a suit to recover a narrow strip of land claimed by adjoining owners, it conclusively appeared that the title of neither party could be based on limitations, and that the east boundary line of plaintiff's tract called for the west boundary line of defendant's tract, and it appeared probable that defendant's lines and corners could be definitely ascertained by a proper survey, a surveyor's testimony that in running lines of plaintiff's land he began at her northwest corner and ran the distance called for in her field notes for her northeast corner and then ran the course and distance called for in her deed for her east line, was insufficient to identify plaintiff's east line where it appeared that her field notes called for no distance for either of these lines.

[Ed. Note.—For other cases, see Boundaries, Cent. Dig. §§ 184–194; Dec. Dig. 🔑37.]

2. APPEAL AND ERROR 🔑562—PRESENTATION FOR REVIEW—EVIDENCE—MAPS.

Where it is sought to present for review evidence consisting largely of testimony of witnesses, wherein they made constant references to maps, the statement of facts should show the maps in connection with the references made thereto, so that the testimony may be intelligible to the reviewing court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2495–2499; Dec. Dig. 🔑562.]

Appeal from District Court, Travis County; Geo. Calhoun, Judge.

Action by Marain Edwards against Tom Kincheon. From judgment for plaintiff, defendant appeals. Reversed and remanded.

A. T. McKean, of Austin, for appellant. Dickens & Dickens, of Austin, for appellee.

JENKINS, J. [1] This is a suit by appellee to recover of appellant a strip of land

about 10 feet wide. The controversy involves the true location of the west line of appellee's 50-acre tract of land. Both appellant and appellee claim the land under both the five and ten year statutes of limitation. The evidence is insufficient to support limitation in favor of either party. This being true, the only way to have arrived at a proper settlement of the controversy was to establish the true location of the west line of the Kincheon tract. Both of these tracts, as well as adjoining tracts, appear to have been subdivisions of a large survey. Appellant's father and uncle, under whom he claims, purchased the 50-acre tract above referred to in 1870. Appellee's husband purchased the tract owned by her in 1873. The field notes of appellee's tract are as follows:

"Beginning at the S. W. corner of the Blocker 83-acre tract for the N. W. corner of this survey; thence S. 30 W. to the N. W. corner of Tom Kincheon's 25-acre tract; thence S. 60 E. to John Penland's 50-acre tract; thence N. 30 E. to the S. E. corner of Blocker's 83-acre tract; thence N. 60 W. to the beginning, containing 50 acres."

The Penland tract above referred to is the tract now owned by appellant. It will thus be seen that the east boundary line of appellee's tract calls for the west boundary line of appellant's tract. Appellant's field notes call:

"Beginning on a stone mound in the west boundary line of E. S. Berry's tract and N. E. corner of Harper's tract; thence S. 30 E. 624.4 vrs. to a stone mound in Berry's line, from which an elm 6 in. dia. brs. S. 67 E. 14 vrs.; another 8 in. dia. brs. S. 17 E. 13 vrs.; thence N. 60 W. 452 vrs. to a stone mound from which a live oak 10 in. dia. brs. S. 38½ W. 27 vrs.; thence S. 30 W. 624.4 vrs. to a stone mound in Harper's N. line; thence S. 603 vrs. with Harper's line to beginning."

It will thus be seen that appellant's field notes not only call for lines and corners of other surveys, but also call for bearing trees at his northeast and northwest corners, and it is probable that his lines and corners can be definitely ascertained by a proper survey.

A surveyor testified for appellee that he ran out appellee's land, beginning at her northwest corner, and ran the distance called for in appellee's field notes for her northeast corner, and then ran the course and distance called for in appellee's deed for her east line. Appellee's field notes call for no distance for either of these lines, and it is evident that the survey does not aid in identifying her east line, which, as stated, is the west line of appellant's survey.

[2] This is another record in which the testimony as to the location of lines consists largely in witnesses saying "At this point" (indicating), and "Over here" (indicating), and "To a point here" (indicating); the reference being, as appears from the record, in part to a map on the floor, and in part to a map in the hand of the witness. Such testimony does not show in any intelligent way what the testimony of the witness was; and

we again warn attorneys, as we have had occasion to do in other cases, that if they do not make their statements of facts indicate what the testimony was, the case will be affirmed for want of a correct statement of facts.

For the reason that the evidence in this case is insufficient to support the verdict and judgment, this case is reversed and remanded for another trial.

Reversed and remanded.