JACOB PFOHL, Respondent, v. ARTHUR B. SIMPSON et al., Impleaded, etc., Appellants.

In cases where many persons have claims and are prosecuting, or are about to prosecute them at law, against one defendant or class of defendants, or a fund liable in equal degree to all those persons and to others, a court of equity, to forestall a multiplicity of actions has jurisdiction of an action for a general accounting and adjustment of all the rights, and to restrain separate and individual actions at law in the same or other courts, thus bringing all the litigation into one suit.

It is immaterial whether the rights of action arise from general principles of law or from particular provisions of constitution or statute.

The bringing into one such action, however, of all parties similarly situated, will not give a right or impose a liability which did not exist otherwise.

Accordingly, held, that an action was maintainable brought by a creditor of "The People's Safe Deposit and Savings Institution," organized under the act, chapter 816, Laws of 1868, in his own behalf and that of other creditors, against the stockholders of said company, the assignee in bankruptcy and such creditors as had brought suits at law, to collect of said stockholders the sums for which they were liable under the provisions of said act (§§ 13, 14), to distribute the same among the creditors, and to restrain the prosecution of said actions at law.

Also, held, that the fact that by said provisions the stockholders were made "severally" liable did not preclude the attaching and exercise of this equitable jurisdiction.

But held, that the court in such action could only divide among all the creditors, having legal claims against one or more of the stockholders, the avails of the liabilities of those stockholders ; it could not take from one creditor his right against a certain stockholder and give it in whole or in part to a creditor having no legal right against that stockholder.

(Submitted May 27, 1878 ; decided June 18, 1878.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, affirming a judgment entered upon a decision of the court at Special Term.

This action was brought by plaintiff as creditor of the "People's Safe Deposit and Savings Institution of the State of New York," incorporated under the act, chapter 816,

Laws of 1868, on behalf of himself and other creditors, which corporation had become bankrupt, against its stockholders and assignees in bankruptcy, and such creditors as had brought suits at law against individual stockholders, to enforce the liabilities imposed by the act of incorporation, and to distribute the proceeds of collections among the creditors, and to restrain said actions at law.

The court ordered the cause of action as to the creditors' defendants to be severed, and that the same proceed to trial as to them.

The court found, in substance, among other things, that all of the stock of said company had been subscribed for and certificates issued to the stockholders, and twenty-five per cent thereof paid in ; that the company became insolvent and was adjudged bankrupt, being indebted to about 7,000 creditors, many of whose debts were created at a different date, and when different stockholders owned the stock ; that many of the present stockholders hold as assignees and many of the original owners are insolvent ; that the company was indebted to plaintiff and to the defendant named in the various sums specified. " That all the property and assets of said corporation, together with all that can be collected and realized from its stockholders to make their stock full paid will not be sufficient to pay in full the debts and liabilities of· said corporation, and that in addition thereto more than can be collected on the personal liability of all who are or have been stockholders as such under said act of incorporation, will be required to pay in full the said debts and liabilities of said corporation."

The court found, as conclusions of law, that the personal liabilities of the stockholders did not pass to the assignees in bankruptcy. That the creditors defendant, who had commenced suits, were not entitled to a preference ; but the said personal liabilities were the property of all the creditors, who were entitled to the same *pro rata*, and judgment was directed perpetually enjoining said defendants from prosecuting their actions, etc. Judgment was entered accordingly.

*W. C. Ruger*, for appellant. The stockholders were only severally liable to creditors of the corporation. The vendor and vendee of stock cannot be liable to the same creditor for the same debt. (*Moss* v. *Oakly*, 2 Hill, 255; *Southmayd* v. *Russ*, 3 Conn., 54; *Denning* v. *Bull*, 10 id., 409; 36 id., 516; *Chesley* v. *Pierce*, 32 N. H., 388; *Bond* v. *Appleton*, 8 Mass., 472; *Tracy* v. *Yates*, 18 Barb., 152; *Brown* v. *Wilcox*, 22 N. Y., 551; *Young* v. *N. Y. and L. Stshp. Co.*, 10 Abb., 229; *Judson* v. *Rossie Gallena Co.*, 9 Paige, 598; *Adderly* v. *Storm*, 6 Hill, 625; *Bk. of Poughkeepsie* v. *Ibbotson*, 24 Wend., 473; *Conklin* v. *Furman*, 48 N. Y., 527; *Bullard* v. *Bell*, 1 Mason, 243.) When there is one creditor who is entitled to recover upon circumstances peculiar to his own case, he cannot be affected by the fact that there are other creditors entitled to recover of other stockholders upon a different state of facts. (*Osgood* v. *Laytin*, 3 Keyes, 521; 5 Abb. [N. S.], 9; *Rankin* v. *Elliott*, 16 N. Y., 378; *Story* v. *Furman*, 25 id., 214; *Walker* v. *Crain*, 17 Barb., 119; *Calkins* v. *Atkinson*, 2 Lans., 15; *Cushman* v. *Sheppard*, 4 Barb., 113; *Matter of the Empire City Bk.*, 18 N. Y., 199; *Sands* v. *Newkirk*, 27 id., 147; *Briggs* v. *Penniman*, 8 Cow., 387; *Slee* v. *Bloom*, 19 J. R., 456.) Equity has no general jurisdiction over the affairs of insolvent corporations outside of the statute, entitled "Proceedings against Corporations in Equity." (*Verplank* v. *Merc. Ins. Co. N. Y.*, 1 Ed. Chy., 84; *Att'y-Gen.* v. *Utica Ins. Co.*, John. Chy., 371; *Att'y-Gen.* v. *Bk. of Niagara*, 1 Hopk., 354, 398; *Ferris* v. *Strong*, 3 Edw. Chy., 127; Story's Eq. J., 642, § 5; 4 John. Chy., 17; 15 Conn., 504; 3 Sand. Chy., 192; 3 Paige, 167; Willard's Eq. J., 47; Hare & Wallace's Lead. Cas. in Eq., vol. 2, 305.) A court of equity has no jurisdiction here upon the doctrine of preventing a multiplicity of suits, or as a peace bill. (Willard's Eq. J., 323; Story's Eq. J., §§ 854, 860, vol. 2; *Whaley* v. *Dowson*, 2 Schoales & Lefroy, 370; *N. Y. and N. H. R. R. Co.* v. *Schuyler*, 17 N. Y., 508.) This action cannot be maintained in equity upon any of the principles pertaining to the marshaling of assets, or of securities, for

the benefit of creditors. (Willard's Eq. J., 537, 538; Story's Eq. J., § 642.) A court of equity has no jurisdiction of this question by virtue of the statute concerning "Proceedings against Corporations in Equity," vol. 3, R. S., 761 [5th ed.] (*Thornhill* v. *Bk. of La.*, 5 N. B. R.; *Copard* v. *Kronen*, 4 N. B. R., 285; *Day* v. *Bardwell*, 3 id., 115; *Morton* v. *Berry*, 2 id., 188; *Sturgis* v. *Crowninshield*, 4 Wheat., 122; *Ogden* v. *Saunders*, 12 id., 213; *Blanchard* v. *Russell*, 13 Mass., 12; *Adams* v. *Story*, 1 Paine's C. C. R., 79; *Mathews* v. *Zoni*, 8 Wheat., 164; *Ex parte Eames*, 2 Story, 326; *Day* v. *Bardwell*, 99 Mass., 246.) A corporation is subject to the operation of the bankrupt laws. (*Sweet* v. *B., H. and E. R. R. Co.*, 5 N. B. R., 234; *Thornhill* v. *Bk. of La.*, 3 id., 435; U. S. Statutes, § 711.) Creditors can acquire no interest, by receivership or otherwise, in the property of the bankrupt, after the filing of a petition which the decree in bankruptcy will not annul. (*Buchanan* v. *Smith*, 4 N. B. R., 397; *S. C.*, 16 Wall., 277; *Stuart* v. *Hines*, 6 id., 416; *In re G. W. Anderson*, 9 id., 360; *McLean* v. *Rockey*, 3 McLean, 235; *Verplank* v. *M. Ins. Co. N. Y.*, 1 Ed. Ch., 84; 2 Paige, 438, 451; *Mickels* v. *Rochester Bk.*, 11 id., 118; 10 Abb., 229; 1 Edward, 84; *Ferris* v. *Strong*, 3 id., 127.)

*Hiscock, Gifford & Doheny*, for respondent. This action is authorized by 2 R. S., 464, entitled of "Proceedings against Corporations in Equity." (*Hutchins* v. *N. Y. Cent. Mills*, 2 Abb., 390, 394; *Bogardus* v. *Rose Mfg. Co.*, 7 N. Y., 147; *Masters* v. *Rossie L. M. Co.*, 2 Sandf. Ch., 333; *Rankie* v. *Elliott*, 16 N. Y., 377.) This action was maintainable in equity. (*Osgood* v. *Layton*, 5 Abb. [N. S.], 10; *Hutchins* v. *Whitestable*, 17 Ves., 315; 2 Mason, 195; *Geery* v. *N. Y. and L. S. S. Co.*, 12 Abb., 268, 271; *Briggs* v. *Penniman*, 8 Cow., 387; *Mann* v. *Rentz*, 3 Comst., 415; *Walker* v. *Crain*, 17 Barb., 119, 131; *Cushing* v. *Shephard*, 4 id., 113, 118, 119; *Matter of Empire City Bk.*, 18 N. Y., 199, 210; *Sands* v. *Kimbeck*, 27 id., 147, 148; *Erie R'way Co.* v. *Ramsay*, 45 id., 637, 647.) The liability of defendants

could be enforced by the State courts.   (*Lenihan* v. *Homann*, 55 N. Y., 652.)

FOLGER, J.   This is a suit in equity brought by a creditor of a bankrupt incorporation, to assert his right to have payment of his debt, in whole or in part, from one or more of the stockholders of that incorporation.   (See Laws of 1868, chap. 816, p. 1839.)   The right of a creditor to recover of a stockholder rests upon the two-fold provision of the charter of the incorporation, which declares that the stockholders shall be severally liable for all debts of it, to an amount equal to the stock held by them respectively ; and shall also be liable to pay in full the stock subscribed for or bought by them.   (Id., §§ 13, 14; 1 R. S., 600, § 5.)   And this provision is quite important in the disposition of this case.   (*Mann* v. *Pentz*, 3 N. Y., 415.)   This suit also seeks to restrain many separate actions at law, begun by many individual creditors of the corporation against several stockholders respectively, each to recover a debt like unto that of the plaintiff here ; and it seeks to bring all the claims of these creditors against all of these stockholders into this one suit in equity, and to have there one fund created from the liabilities of those several stockholders, from which payment shall be made in such amount to each creditor as shall be agreeable to the mutual equities existing among them.

We understand from the case, that all the defendants who have brought this appeal are creditors of the corporation ; and that their debts respectively, and the debt of the plaintiff, are all claims upon the same stockholders who have been sued by the appellants or by some one or more of them. This is denied by the appellants.   But clearly, every creditor of the corporation has a right that the capital stock shall be made up to the full amount, or to such amount as will pay off the debts.   So that all the creditors have a common interest, under the section of the statute providing for that. We do not understand that any defendant who is sued in this action as a stockholder is before this court as an appellant.

Here then is a common fund, in which the plaintiff and the appellants have all an interest.

It is objected by the appellants, that equity has not the jurisdiction attempted to be exercised.

This court has already held, that a creditor of a corporation, the stockholders of which are liable for its debts, may bring a suit in equity against all stockholders liable to him, and in favor of all creditors jointly interested with him who choose to come in and share in the benefits and expenses of his suit for the establishment of a fund, for the adjustment of all liabilities to contribute thereto, and of all claims thereon. (*Mathez* v. *Neidig*, 72 N. Y., 100; *Griffith* v. *Mangam*, 73 id., 611, and cases cited in the opinions.)

There is nothing in the provisions of the charter of this corporation, nor in any of the decisions which have been made upon analogous acts, which is inconsistent with the exercise in this case of the established jurisdiction of equity to forestall a multiplicity of actions, by bringing all the litigation into its own grasp in one suit for a general accounting and a complete adjustment of all rights.

It is in cases where many persons have claims, and are prosecuting or about to prosecute them at law against one defendant, or against a class of defendants, or against a fund, liable in equal degree to all those persons and to others, and thus there arises the fact, or the probability, of a multiplicity of actions, that this jurisdiction of equity attaches.

It matters not whether the right of action to so many arises from general principles of law, or from particular provisions of constitution or of statute. If the right exists, and is likely to be used so as to produce the mischief, the jurisdiction of equity arises and attaches. It is recognized in *Weeks* v. *Love* (50 N. Y., 568), and cases are there cited to the effect, that there may be an equitable action against all such stockholders; and that in a proper action the court may provide for the taking an account and enforcing the liability of all of them for the benefit of all the creditors entitled to share in the fund to be collected from such stockholders.

Opinion of the Court, per FOLGER, J.

When equitable jurisdiction to this extent is declared, then follows the other jurisdiction of equity to restrain separate and individual actions at law in the same or other court, and to bring all proceedings into one suit and all parties to one tribunal. (*Erie Railway Co.* v. *Ramsey*, 45 N. Y., 637.)

The provision in the charter of the corporation that the stockholders shall be *severally* liable, does not have such reach as that it precludes the attaching and exercise of this jurisdiction of equity. That provision fills the full scope of the legislative intention, when a stockholder is held liable by any jurisdiction, in any form of action, whether sued alone, or brought into court with some or many others in like category, for as much as, and no more than, the facts of his own relation to the corporation and its creditors and co-stockholders demand. He may not in any action be made liable (under provisions like those of this charter), for more than an amount equal to the sum of the stock owned by him individually, in addition to his liability to pay in full the stock subscribed for or bought by him. Though he be sued with others, and at the suit of many or in a suit for the benefit of many, if he is not cast in judgment for more than the amount above indicated, his several liability is preserved.

Nor is there any difficulty in segregating the liability of each stockholder, and devoting the avails of it to the benefit of the creditor, or class of creditors who have the right to avail of it ; so that no stockholder shall be held for the debt of a creditor which was not created while he was a stockholder, and so that no creditor shall lose the benefit of the liability of a stockholder who was such when his debt was created. Indeed, a suit in equity laying hold of all the stockholders in like category and promoted for the benefit of all creditors having like interest, is peculiarly adapted to work out exactly just and equable results. If indeed there were persons made parties to this action whose relations to the corporation, or to the creditors who are or may be interested in it were not alike, there could be reason for objection. (*Judson* v. *Rossie Galena Co.*, 9 Paige, 598.) But

we perceive that it is one of the facts in the case that the defense set up is common to all of the defendants who are before this court as appellants, that the action was severed at the trial, and proceeded only against such as held a common position. It is not meant to hold that by a suit in equity bringing in all similarly situated, the junction will give right or impose liability which did not exist otherwise. The object and effect is only to bring to one forum the determination of rights, which must, if prosecuted separately, more or less conflict to mutual harm. Before that one forum, in one suit, the respective rights and the respective liabilities can be ascertained and determined, and each get his own, and be subjected to his own, and not another's. And the equities between the respective stockholders can also be adjusted and settled.

The fallacy in the argument against this view seems to consist in the assumption that the court, in this action, will or can take from one creditor the legal right he has against a certain stockholder, and give it in whole or in part to a creditor who has no legal right against that stockholder. It may do no more than to divide among all the creditors, who have legal claims against one or several stockholders, the avails of the liability of those stockholders, in such ratio as is equitable.

There is a common liability, that is, there are many or more than one who are liable to one or to many; there is a common interest, that is, there are many who have an equal right to enforce that common liability. In such case different claims to property, if they can be united without inconvenience, may be joined in the same suit.

In some of the cases cited by the appellants there was lacking this element of an interest in a common subject, and a liability to a common object. (*Young* v. *N. Y. and L. St. Co.*, 10 Abb., 229; *S. C.*, 15 id., 69.) And in others of them there was an action at law against one stockholder, and the claim was that it could not be maintained; but that there must be a suit in equity against all. (*Bk. of Poughkeepsie*

v. *Ibbotson*, 24 Wend., 473.)   The case last cited recognizes the feasibility and propriety of a suit in equity, in such a case as this.   (See page 479.)

The judgment appealed from should be affirmed.

All concur.

Judgment affirmed.