JACOB VAN WAGENEN, APPELLANT, *v.* LUCIUS E. CLARK AND OTHERS, RESPONDENTS.

*Receiver of corporation—may bring separate actions to collect unpaid stock subscriptions.*

Where, after the return unsatisfied of an execution, issued upon a judgment recovered against a corporation, the judgment creditor commences an action against it in equity for the appointment of a receiver, and procures therein a final judgment appointing a receiver, such receiver may, under chapter 403 of 1860, commence separate actions against each of the stockholders thereof to recover any sum remaining due upon his shares of stock, and he is not bound to bring one action and make all the creditors and stockholders parties thereto.

APPEAL from an order made at Special Term, denying the plaintiff's motion for an injunction *pendente lite.*

On March 6, 1875, the defendants, Clark & Maynard, recovered a judgment against the New York, Westchester & Boston Railway Company, a New York corporation, upon which an execution was issued and returned unsatisfied, on March 15.

On the same day an action in equity was commenced by Clark & Maynard, for the appointment of a receiver, and on April 10, 1875, a final judgment was rendered therein by default, appointing the defendant Seaver a receiver thereof.

Seaver subsequently commenced separate actions as receiver against the plaintiff and other stockholders of the company, to collect unpaid subscriptions.

The plaintiff, a stockholder and creditor of the corporation, insisting that the receiver should commence a single action against all the stockholders, so as to determine in one action who are creditors, and the amounts due to each, and who are stockholders, and the amounts for which they are liable, brought this action and demanded judgment, among other things, that all proceedings in the actions by Seaver against the plaintiff and others be enjoined, and that the court ascertain and determine the rights and liabilities of creditors and stockholders in this action. A preliminary injunction restraining Seaver from further proceedings in said actions

HUN.—VOL. XXII.    32

against plaintiff and others was granted, and a motion was made to continue it until the hearing, which was denied, and from the order denying the same the plaintiff has appealed.

*J. E. Burrill,* for the appellant.

*Geo. W. Wingate,* for the receiver.

*John S. Wood,* for Harris Bros.

BARRETT, J.:

We think the construction placed by Mr. Justice LAWRENCE upon chapter 403 of the Laws of 1860, was correct. That act conferred upon the receiver all the rights, power and authority of "receivers appointed in case of the voluntary dissolution of a corporation." It was one of those rights to file a bill in the Court of Chancery, *or* to commence and prosecute an action at law for the recovery of any sum remaining due upon any share of stock subscribed in such corporation. (2 R. S., 469, § 69.) Indeed, it was thereby made the duty of the receiver *immediately* to proceed and recover such sum, "unless *the persons* so indebted shall be wholly insolvent." Probably the receiver might have instituted an omnibus suit making all creditors and stockholders parties. But he was not bound to do so. The act plainly gives him authority to bring separate suits against each shareholder. Perhaps, in a proper case, he might be directed to consolidate such separate suits, but even that would be attended with embarrassment where the defenses are entirely different. However that may be, there certainly was no good reason, upon the facts of this case, why an injunction should be granted to restrain the prosecution of the receiver's actions. That officer seems to have acted fairly and discreetly, and for the best interests of all concerned. Then the injunction claimed could subserve no useful purpose. It would certainly work delay, and might even jeopardize the prospects of ultimate success in securing something for the creditors. Different considerations present themselves when various creditors are seeking to recover from the stockholders their respective claims. Then, under certain circumstances, an omnibus suit might well become a necessity

But here, the receiver represents all the creditors. The statute gives him full power to settle all controversies with either the debtors or creditors of the corporation (2 R. S., 469, 470, § 73), and points out the procedure. It also provides for distribution and accounting (Id., 470–472, §§ 79–89). The case, therefore, is not within the principle of *Pfohl* v. *Simpson* (74 N. Y., 137). Upon the whole, we are of opinion that the order refusing an injunction *pendente lite* was right, and should be affirmed, with costs.

Davis, P. J., and Brady, J., concurred.

Order affirmed, with $10 costs, and disbursements.