(5 App. Div. 263.)

AMERICAN GROCERY CO. v. FLINT et al.    MOTLEY et al. v. SAME. ABRAHAM et al. v. SAME.    NEW YORK INSULAT-
ING PAINT CO. v. SAME.

(Supreme Court, Appellate Division, First Department.    May 15, 1896.)

1. CONSOLIDATION OF ACTIONS—IDENTITY OF PARTY.
   Several actions brought by different plaintiffs against the same defendant cannot be consolidated, as Code Civ. Proc. § 817, authorizing the consolidation of actions, applies only when the parties in each action are the same.

2. CORPORATIONS—LIABILITY OF DIRECTORS—ENFORCEMENT.
   Where several actions have been brought by the same attorney to enforce the liability to creditors of a corporation imposed on the directors by Laws 1892, c. 688, § 24, for creating or consenting to debts, not secured by mortgage, in excess of the amount of its capital stock, which liability is for the benefit of all the creditors, and which can be enforced only by a suit in equity, where all the creditors and the corporation are parties (Bank v. Dillingham, 42 N. E. 338, 147 N. Y. 603), plaintiffs, before the entry of an interlocutory judgment in either action, may be compelled to elect which action shall proceed, and the other actions will be stayed until judgment is recovered in the action in which the election has been made, when all the plaintiffs may come in and prove their claims in that action.

Appeal from special term, New York county.

Four separate actions by the American Grocery Company, by Thornton N. Motley and another, by Abraham Abraham and others, and by the New York Insulating Paint Company, respectively, against Charles R. Flint and others, to enforce the liability of defendants under Laws 1892, c. 688, § 24, as directors of a corporation. From an order consolidating the actions, plaintiffs appeal. Reversed.

Argued before BARRETT, RUMSEY, WILLIAMS, PATTERSON, and INGRAHAM, JJ.

D. M. Porter, for appellants.
L. C. Ledyard, for respondent Pratt.
W. M. Ivins, in pro. per.

RUMSEY, J. These four actions being brought by different plaintiffs, although they are against the same defendants, section 817 of the Code of Civil Procedure, giving authority to consolidate the actions, does not apply. Actions can only be consolidated, under this section, when the parties in each action are the same. The only authority to consolidate actions is given by this section. Mayor v. Coffin, 90 N. Y. 312. And, because these actions are not within that section, the order for consolidation must be reversed.

But nevertheless the four actions ought not to be permitted to proceed. They are brought by different plaintiffs against the same persons, who are, as it appears, directors of the United States & Brazil Mail Steamship Company, or the executors of a deceased director of that company. The object of each action is to establish against these defendants the liability created by section 24 of the stock corporation law, which provides "that no stock corporation, except a monied corporation, shall create any debt if thereby its total indebtedness not secured by mortgage shall exceed the amount of its paid-up capital stock, and the directors creating or consenting to the creation of any such debt, shall be personally liable therefor to the creditors of the corporation." Stock Corporation Law, § 24, Laws 1892, c. 688. It is alleged in the complaint that the defendants and one Edward B. Bartlett were during the year 1892, and down to and including the month of March, 1893, directors of the United States & Brazil Steamship Company; that Bartlett was dead, and the defendant Maria H. N. Bartlett is the executrix of his last will and testament. It is further stated that the capital stock of the company is $1,000,000, but that there had been created an indebtedness of over $3,500,000 against said corporation, not secured by mortgage, and that this large indebtedness had been created or consented to by the directors. The plaintiffs in each case allege that they are creditors of the company, and in each action a judgment is asked against the defendants for the amount of the debt which the company owed to the plaintiffs in that action, respectively, and for an accounting and other relief. The nature of the liability which is sought to be asserted in this action has been quite recently examined and settled by the court of appeals. It is said that the liability imposed upon the trustees who create, or consent to the creation of a debt in excess of that permitted by law, is not for the benefit of any particular creditor, but for the benefit of all, and that liability is in equity a fund to which all the creditors may resort for the satisfaction of such debts as the corporation itself fails to pay, to be shared in by all in proportion to the debt remaining unpaid. This liability must be enforced in a suit in equity,—where all the creditors and the corporation itself are parties, or represented,—where an accounting can be had, all the facts ascertained, and the equities adjusted. Bank v. Dillingham, 147 N. Y. 603, 42 N. E. 338. In an action to enforce this penalty, it is necessary to ascertain the excess of the indebtedness over the capital stock, the amount of this which each trustee may have assented to, the extent to which the funds of the corporation may be resorted to for the payment of the debts, and also the number and names of the creditors, and the amounts of their several debts, in order to determine the sum to be recovered of the trustees, and apportion it among the creditors. Hornor v. Henning, 93 U. S. 228. It is very clear, as is said in the case of Dillingham, supra, that this liability cannot be ascertained and enforced, as intended by the statute, in an action at law brought by one creditor for the purpose only of recovering the amount of his individual debt. That seems to be understood by the pleader here, because each of these actions purports to be brought by the plaintiff named in it, not only

for himself, but in behalf of all other creditors, and the relief asked in each action is just such relief as the cases cited above held is necessary to be granted to establish the liability of the trustees. Not only, then, is there no reason why all these actions should be continued at one time; but it would be manifestly improper, if, indeed, it would not be impracticable, to carry each one to a final conclusion. The relief to be had after the liability of the defendants shall have been established must necessarily be had in one action, in which the rights of all the parties can be disposed of. Where that is the case, and several actions have been brought, the usual course is, when an interlocutory judgment shall have been obtained in either action, for the benefit of all the creditors, to stay proceedings in all the other suits, and require the creditors to appear in the suit in which judgment has been entered, and prove their claims, to the end that all the matters may be disposed of in the one action. Pfohl v. Simpson, 74 N. Y. 137; Travis v. Myers, 67 N. Y. 542. Ordinarily a plaintiff in one of these actions, until the action was proceeded to judgment and the rights of other creditors have intervened, will be at liberty to discontinue his suit, in the absence of special circumstances. Innes v. Lansing, 7 Paige, 583. And for that reason it is not usual to stay proceedings in any of the suits until an interlocutory judgment shall be obtained in one of them. But the reason for the rule does not apply here. It appears that each of these four actions is brought by the same attorney, who has control of all of them, and is in a situation to manage the proceedings in each one; so that there is no reason to suppose that either of the plaintiffs will lose any rights if the proceedings are required to be continued in one action, and those in the other action are stayed until judgment shall be recovered. If judgment had been recovered in one action, it would be a matter of course, under the cases above cited, to stay proceedings in the others, and require the plaintiffs in them to come in and prove their claims in the suit in which judgment had been recovered. We can see no reason why, in this particular case, the defendants should be subjected to the cost and expense of litigating four several actions under the same control, each of which is brought for the same purpose, where, when judgment is recovered in one, the proceedings in the other three must necessarily be stayed. For that reason we think that the relief which was asked for by the defendants in their notices of motion should be granted, to the extent that the plaintiffs should be compelled to elect in which of the actions they shall proceed, and proceedings in all the other actions should be stayed until the further order of the court, to the end that, when judgment has been recovered in the action in which the election has been made, the plaintiffs in those actions, as well as the other creditors, may come in and prove their claims in that action, and the rights and liabilities of all parties be determined therein.

The order appealed from, consolidating the actions, must be reversed, and an order made requiring the plaintiffs to elect, and staying proceedings in the other actions as herein provided; neither party to have costs of this appeal. All concur.