HARRY A. O'ROURKE, Appellant, v. SALVATORE CASTAGNOLA and ROSE CAS-
TAGNOLA, Respondents.— Action to recover damages for personal injuries sustained
by plaintiff when he tripped and fell over a barrier consisting of low wooden stakes,
connected by a wire, alleged to have been unlawfully maintained by defendants in
a public street. Judgment reversed on the law and the facts and a new trial
granted, costs to abide the event, on the ground that the court erred in refusing to
charge the jury, as requested by plaintiff's counsel, that the encroachment was a
nuisance as a matter of law; that the exclusion of the photographs constituted
prejudicial error, and that the determination is against the weight of the evidence.
Young and Tompkins, JJ., concur; Lazansky, P. J., and Hagarty, J., concur upon
the ground that the determination is against the weight of the evidence, even if it
be assumed it was a question of fact as to the existence of a nuisance; Davis, J.,
dissents and votes to affirm, with the following memorandum: I cannot agree
that these stakes and wires inclosing a grass plot between the sidewalk and the
building constituted a nuisance in law. There was a clear and unobstructed path-
way for travel along this concrete sidewalk, and it would be only on a very unusual
occasion that these stakes and wires would interfere in any degree with free and
unrestricted passage over the sidewalk. These stakes and wires might have con-
stituted a nuisance in fact. That question has twice been submitted to juries and
they have found for the defendants. The exclusion of the photographs from the
evidence was error; but it was not prejudicial to any substantial right of plaintiff.
The existing situation had been described by witnesses, and the photographs would
largely have been cumulative evidence.

ALFRED POLLAK, Appellant, v. LONG ISLAND LIGHTING COMPANY and Others,
Respondents.— Order staying plaintiff from proceeding in this stockholder's action
reversed on the law and the facts, with ten dollars costs and disbursements, and
motion denied, with ten dollars costs, on condition that plaintiff, within ten days
after the entry of the order herein, file a stipulation consenting without conditions
to the entry by defendants of an order consolidating this action with the present
consolidated action pending in the Supreme Court, New York county, subject
and without prejudice to the proceedings already had therein, and that the proced-
ure on the trial be regulated by the trial justice; otherwise, the order is affirmed,
with ten dollars costs and disbursements. The prosecution of a class or repre-
sentative action subsequently brought will be enjoined as a matter of right only
upon the entry of judgment in the first action. (*Travis* v. *Myers*, 67 N. Y. 542;
*Hirshfeld* v. *Fitzgerald*, 157 id. 166; *American Grocery Co.* v. *Flint*, 5 App. Div.
263; *Mattison* v. *Demarest*, 24 N. Y. Super. Ct. [1 Robt.] 717; *Innes* v. *Lansing*, 7
Paige, 583; *Dresdner* v. *Goldman Sachs Trading Corp.*, 240 App. Div. 242.)
Independently of statute, the court, in the exercise of discretion, may consolidate
actions or stay one or more actions pending the determination of other actions.
(*Pfohl* v. *Simpson*, 74 N. Y. 137; *Dresdner* v. *Goldman Sachs Trading Corp., supra.*)
Under the circumstances here presented we believe it was an improper exercise of
discretion to grant a stay and that consolidation is the more appropriate remedy,
particularly as it may be had without prejudice to the rights of any party. (*Dresd-
ner* v. *Goldman Sachs Trading Corp., supra; Pfohl* v. *Simpson, supra; American
Grocery Co.* v. *Flint, supra.*) Lazansky, P. J., Carswell, Tompkins, Davis and
Johnston, JJ., concur.