J. Irwin Shapiro, J.
The infant plaintiff is suing her father to recover damages sustained by her on April 26,1956, when she was injured while being driven by him in his car. The mother is a coplaintiff suing the defendant, her husband, for the loss of services, etc. of the infant plaintiff.
In his original report to his insurance carrier, Car and General Insurance Corp., Ltd., which is the movant here, the defendant stated that as he was approaching Beach 13th Street in Far Rockaway a car passed him on his left; cut in on him; caused him to swerve his car to the right to avoid a collision, and that he thereupon hit the curb of the sidewalk and lost control of his car, as a result of which it jumped the sidewalk and ran into a pole. i
When his wife and daughter sued him and the driver of the other car, as a result of the accident, the defendant forwarded the summons and complaint to his said insurance carrier. The attorney furnished by said carrier then moved to dismiss the complaint upon the ground that the infant plaintiff was unemancipated and could not sue her parent for a nonwillful tort. Mr. Justice Daly granted the motion (N. Y. L. J., May 2,1957, p. 10, col. 7).
According to the affidavit of the plaintiffs’ attorney, a subsequent examination before trial of the other defendant in that action revealed that this defendant, the father of the infant plaintiff and the husband of the adult plaintiff, was grossly and wantonly negligent in the operation of his motor vehicle in that he chased the other car for a period of about 20 minutes at speeds exceeding 50 miles an hour in various streets in Far Rockaway. Accordingly, about a year following the dismissal of the complaint of the infant plaintiff in the first action, the present action was commenced, it now being alleged in the complaint that the accident was caused by the defendant Gold-stein’s willful, wanton and malicious disregard for the safety of the infant plaintiff passenger in his car. Such an action is probably maintainable by an unemancipated child against her parent. (Cannon v. Cannon, 287 N. Y. 425; Siembab v. Siembab, 202 Misc. 1053, revd. on other grounds 284 App. Div. 652.)
In a second statement furnished to his carrier on July 1,1958, in connection with allegations in the present complaint, this defendant branded as untrue his prior statement concerning the cause of the accident, and stated in part: ‘ ‘ And I admit frankly that this was a lie. The story I am telling today is the truth. So that in answering the Summons and Complaint, dated March 13th 1958,1 am advising the attorney for the insurance company that I will admit all of these facts as this Complaint contains all *1086 the truth and all that I said before to the insurance company was untrue. I admit that I was going above the speed of fifty miles per hour, and this is the first time that I am admitting this to the insurance company. So that I will admit the accusations made in the Complaint as being the truth.”
Defendant’s insurance carrier thereupon wrote him, on July 14, 1958, that it disclaimed all liability under the insurance contract and returned the summons and complaint in this- — -the new— action. On July 24,1958, the carrier commenced an action for a declaratory judgment against the plaintiffs and the defendant in the instant action in the United States District Court for the Southern District of New York to declare that the defendant Jack G-oldstein breached the terms of his policy by his failure to cooperate with the insurer and that, therefore, it is not obligated to defend him in this action. The insurance company, defendants’ carrier, now moves for an order staying all proceedings in this action until the determination of its action for a declaratory judgment. The plaintiffs oppose the motion, principally upon the ground that the carrier is ‘ not a party to this action ’ ’ and that since it ‘ ‘ has disclaimed under the insurance policy ” it does not “ represent any party to this action.”
Section 167 of the Civil Practice Act states that ‘ ‘ Except as otherwise provided the court in which an action or proceeding is pending, or a judge of such court, in a proper case may grant a stay of proceedings upon such terms as to notice, security or otherwise, as may be just.” The Appellate Division of the Second Department has held that “ Independently of statute, the court, in the exercise of discretion, may consolidate actions or stay one or more actions pending the determination of other actions.” (Pollak v. Long Is. Light Co., 246 App. Div. 765.) It is stated in Carmody-Wait on New York Practice (Yol. 3, § 19, p. 35) that: “ The rule in respect of postponing one action until after the trial of another is one of convenience and order in practice and not always one of strict right. There is no narrow technical rule that the issues and parties must be identical in all respects in each in order that the trial of one action may be stayed or postponed until after the trial of the other. The law looks to the substance of things, and if the issue in the action first brought is such that if the plaintiff prevails, the judgment will require a dismissal of the other, it is orderly to try the first action first.”
While the determination of the issues presented in the action for a declaratory judgment will not require the dismissal of the instant complaint, it is evident that if that action is decided in favor of the carrier the latter will not have to defend this action *1087 or to pay any judgment that the infant plaintiff may recover against her father. On the other hand, should the carrier be unsuccessful in its action in the Federal court, it will be obligated to defend the action in this court and to pay any judgment which may be rendered up to the maximum coverage of the insurance contract.
This court cannot disregard the realities of the situation whereby the carrier is in fact a real party in interest. If unsuccessful in the declaratory judgment action, it, rather than the defendant, will be obliged to bear the cost of this litigation, and to pay such judgment as may be rendered against its assured, within the limitation of the coverage of the contract. Under these circumstances, the court must, in fairness, disregard the technicality that the movant is not a formal party to the instant action. Otherwise, if the carrier should not prevail in its action for a declaratory judgment, it will have to pay the judgment which by that time may have been rendered against the defendant herein and who, in view of what he has said in his second statement, will probably make no attempt to defend the action, thus leaving the carrier no basis for vacating the judgment, appealing therefrom, or taking any steps to protect itself.
Since the application for a stay is addressed to the court’s discretion (Cye, Haberdashers v. Crummins, 142 N Y S 2d 682, 684, affd. 286 App. Div. 1077) and there is enough factual basis for the exercise thereof in favor of the movant, the motion is granted upon condition that upon the settlement of the order herein the movant submit a stipulation that in the event the action which it has instituted in the United States District Court is finally determined against it, it will interpose an answer to the complaint herein within 10 days thereafter, waive its right to take any proceedings preliminary to trial and agree to a preference in the trial of this action. Plaintiffs are given leave to move within a reasonable time to vacate the stay should the carrier fail to prosecute its action in the Federal court with all due diligence.
Settle order.