■ PHYLLIS GANAS et al., Respondents, v. MARY TERRY, Respondent. AVRACH, CLARK & HOLLINS, Appellants.— In an action to recover damages for personal injuries and loss of services sustained by the plaintiffs as a consequence of the negligence of the defendant in the operation, ownership and control of a motor vehicle, the attorneys of record for the defendant appeal from an order of the Supreme Court, Suffolk County, entered January 22, 1962, which denied, after reconsideration, a motion by the said attorneys for permission to withdraw as the defendant's attorneys and for "other and further relief" on the ground that their principal, an insurance carrier, had disclaimed

liability by reason of the defendant's failure to co-operate in the defense of the action. Order modified by adding the following four paragraphs: (1) A paragraph that the denial of the attorneys' motion to withdraw is without prejudice to the prosecution of a plenary action by the insurance carrier against the defendant for a judgment declaring their respective rights under the policy issued by the carrier to the defendant and declaring whether or not the defendant has breached her obligation of co-operation under the terms of such policy. (2) A paragraph that all further proceedings in this action are stayed pending the commencement and determination of the said action for the declaratory judgment. (3) A paragraph permitting the plaintiff or defendant in this action to move to vacate this stay in the event that the insurance carrier should fail to commence and prosecute such action for the declaratory judgment with all due diligence and expedition. (4) A paragraph that the denial of this motion by defendant's attorneys to withdraw is without prejudice to its renewal upon the determination of the said action for the declaratory judgment. As so modified, the order is affirmed, without costs. In our opinion, on this motion issues of fact and law are raised as to the defendant's lack of co-operation with her insurance carrier in the proper defense of this action and as to the right of the carrier to disclaim liability and to withdraw completely from the defense. Such issues should first be promptly determined in a plenary action for a declaratory judgment brought by the insurance carrier against the defendant; and pending such determination this action should remain in *status quo* and its further prosecution stayed (cf. *Goldstein* v. *Goldstein*, 13 Misc 2d 1084; *Westchester Fire Ins. Co.* v. *Lipsky*, 9 Misc 2d 390; *Brooks* v. *City of New York*, 1 Misc 2d 740, 741; *Nationwide Mut. Ins.* v. *Dennis*, 14 A D 2d 188, 189; *United States Fid. & Guar. Co.* v. *von Bargen*, 7 A D 2d 872, affd. 7 N Y 2d 932; *New Amsterdam Cas. Co.* v. *Kirschenbaum*, 194 Misc. 104, 106). Kleinfeld, Acting P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.