BARBARA J. TRIEBER et al., Appellants, *v.* BOBBY L. HOPSON, Respondent.

Third Department, February 15, 1967.

*Goldstein & Goldstein (Benjamin M. Goldstein* of counsel), for appellants.

*Appelbaum & Eisenberg (Bertram W. Eisenberg* of counsel), for respondent.

STALEY, JR., J. This is an appeal from an order of Special Term, Sullivan County, granting a stay to the defendant upon condition that a companion declaratory judgment action be tried at the March 1965 Equity Term of the Supreme Court, Sullivan County.

The plaintiff, Barbara Jean Trieber, was injured while riding as a passenger in defendant's automobile on September 30, 1961.

This action was commenced on April 28, 1962, and defendant served his answer on December 7, 1962.

Defendant's insurance company thereafter commenced a declaratory judgment action to determine whether there had been a breach of the insurance contract by reason of defendant's failure to co-operate. The plaintiffs and defendant in the negligence action were named as parties defendant, and the defendant Hopson has defaulted in the declaratory judgment action. On December 3, 1964, the defendant herein purportedly (but solely by action of his attorney, with no indication of his personal knowledge or acquiescence) moved for a stay of the negligence action pending the outcome of the declaratory judgment action which motion was granted '' upon condition that said companion declaratory judgment action be tried at the March 1965 Equity Term '' and '' if such case is not moved for trial by the plaintiff at such term or if the plaintiff is not ready at such Term, the stay shall automatically be vacated.''

The plaintiff in the declaratory judgment action moved the case for trial at the March 1965 Equity Term and appellant's attorney moved the case over the term on the ground that an appeal was pending and has followed a similar course down to the present time.

An action for a declaratory judgment is available to establish that an insurer is not obligated to the insured under an automobile liability insurance policy where the insured has breached the co-operation clause and the insurer has not waived the breach. (*United States Fid. & Guar. Co.* v. *Von Bargen,* 7 A D 2d 872, affd. 7 N Y 2d 932; *Nationwide Ins. Co.* v. *Dennis,* 14 A D 2d 188, mot. for lv. to app. den. 10 N Y 2d 708.)

The court in which an action is pending, may grant a stay of proceedings in a related action, particularly where the stay is granted to prevent an unnecessary multiplicity of suits. Such a stay is granted by invoking the exercise of the sound discretion of the court (CPLR 2201; 3 Carmody-Wait 2d, New York Practice, §§ 22:15, 22:16; *Hunter* v. *Hunter,* 10 A D 2d 937; *Westchester Fire Ins. Co.* v. *Lipsky,* 9 Misc 2d 390).

In the present action, the motion for a stay pending trial of the declaratory judgment action, was made on the affidavit of the attorney for the defendant Hopson, in support of defendant Hopson's alleged motion for a stay presumably without Hopson's knowledge or consent.

Although Hopson's liability insurance carrier alleges that he has breached the co-operation clause of his policy, the carrier has not disclaimed liability in the negligence action, has not refused to defend Hopson, nor has his attorney made an applica-

tion to withdraw from the negligence action. At the same time, however, his attorney has initiated the declaratory judgment action on behalf of the insurance carrier, to determine whether there has been a breach of the co-operation clause, and whether the carrier must defend Hopson and pay any judgment within the policy limits that may be taken against him.

The appellant charges that the motion for the stay was not made in good faith, and that it was incompatible for the defendant's attorney, in the negligence action, to represent the insurance carrier in the declaratory judgment action. It is certainly against the interest of the defendant Hopson to have judgment granted against him in the declaratory judgment action, and, even if a stay would generally be allowed in the negligence action where a declaratory judgment action was also pending, under the circumstances here, the motion made by the attorney for the insurance carrier under the guise of a motion by the defendant Hopson against his interest, cannot be condoned. "When a lawyer has been employed by an insurance company to represent an insured, with both parties recognizing that there would be a dispute as to coverage to be solved in the future, the lawyer should in good conscience decline representation of the company in a subsequent action against the insured to declare that the policy does not cover." (American Bar Association's Committee on Professional Ethics and Grievances, Supplement of 1957 volume of opinions, C-278 at p. 70.)

When an insurance carrier provides for the defense of its insured, counsel assigned owes a duty of paramount allegiance to the insured, and if there is a conflict of interest between the carrier and the insured, as in this case, he cannot represent both. (*American Employers Ins. Co.* v. *Goble Aircraft Specialties,* 205 Misc. 1066; *Schwartz* v. *Sar Corp.,* 19 Misc 2d 660.)

The motion for the stay in the negligence action made by the attorney for the plaintiff in the declaratory judgment action in the name of the defendant in the negligence action was contrary to said defendant's best interests, and was in contravention of the Canons of Professional Ethics (see canons 6 and 45).

The order should be reversed, on the law and the facts, and the motion for a stay denied.

GIBSON, P. J., HERLIHY, REYNOLDS, AULISI and STALEY, JR., JJ., concur in an opinion by STALEY, JR., J.

Order reversed, on the law and facts, and motion for stay denied, with costs.