■ MARIA CUBERO et al., Respondents-Appellants, v MOLLIE SCHWARTZ, Respondent, and GREATER NEW YORK MUTUAL INSURANCE COMPANY, Appellant.—In a negligence action to recover damages for personal injuries, etc., in which defendant's attorney, counsel for Consolidated Mutual Insurance Company, moved for permission to withdraw as defendant's attorney, (1) Greater New York Mutual Insurance Company appeals from so much of an order of the Supreme Court, Kings County, dated September 2, 1975, as (a) directed it and its counsel to defend this action on behalf of defendant, (b) directed Consolidated Mutual to turn over all investigative materials, etc., to Greater New York Mutual and (c) ordered the newly appointed counsel to interpose an answer and (2) plaintiffs cross-appeal from so much of the said order as relieved Consolidated Mutual and its attorney of the defense of the action, in the event that Greater New York Mutual and its counsel be relieved of such defense on its appeal. Order reversed, without costs or disbursements, and motion denied, without prejudice to the prosecution of a plenary action for a judgment declaring the respective rights of the insurance companies and of the parties. All further proceedings in this action are stayed pending determination of such plenary action for a declaratory judgment. Our determination is without prejudice to (a) a motion by plaintiffs or defendant to vacate the stay in the event that such a plenary action is not prosecuted with due diligence and expedition and (b) a renewal of the motion by defendant's attorney upon the determination of such plenary action. In our opinion, issues of fact and law are raised as to defendant's lack of co-operation with the Greater New York Mutual Insurance Company and as to the right of the Consolidated Mutual Insurance Company to disclaim liability and to withdraw completely from the defense. Such issues should be promptly determined in a plenary action for a declaratory judgment. Pending such determination, this action should remain in *status quo* and its further prosecution stayed (see *Ganas v Terry,* 16 AD2d 826). Gulotta, P. J., Hopkins, Martuscello, Latham and Shapiro, JJ., concur.