■ MERYL DIONISIO, Appellant, v AUTO HIRE, INC., et al., Respondents.— In a negligence action to recover damages for personal injuries, plaintiff appeals from an order of the Supreme Court, Queens County, dated October 31, 1978, which stayed the trial of the action pending resolution of the issues in a pending declaratory judgment action. Order modified, in the exercise of discretion, by adding a provision thereto providing that all the parties (and their attorneys) to the declaratory judgment action are to cooperate so that said action may be tried with all due dispatch. As so modified, order affirmed, without costs or disbursements, and the plaintiff in the instant action is directed to serve a copy of the order to be entered hereon on all of the parties in the declaratory judgment action. Special Term properly stayed the trial of the negligence action pending determination of the issues in the declaratory judgment action which has been instituted by the insurance carrier of one of the defendants against the insurance carriers of the other defendants and against the parties in the instant action (cf. *Cubero v Schwartz*, 51 AD2d 760; *Trieber v Hopson*, 27 AD2d 151; *Ganas v Terry*, 16 AD2d 826; *Westchester Fire Ins. Co. v Lipsky*, 9 Misc 2d 390). During oral argument of this appeal the attorney for the plaintiff and the attorney for defendants Kuehne and Nagel Air Frieght

Inc., and Sal Baglio stipulated that they would co-operate with each other to the fullest extent in making sure that the declaratory judgment action is tried with all due dispatch. They are so directed. In addition, although no one appeared at the time of oral argument for codefendant Auto Hire, Inc., nor for the plaintiff in the declaratory judgment action (American Home Assurance Company) nor for the other defendants in the declaratory judgment action (Hartford Insurance Co., Kemper Insurance Companies, Lumbermans Mutual Casualty Company and American Manufacturers Mutual Insurance Co.), all of them, by their attorneys, are directed to co-operate fully with the attorneys for the parties herein to the end that the declaratory judgment action may be tried to a speedy conclusion. Since CPLR 2201 provides that a stay may be granted "upon such terms as may be just", we are modifying the order appealed from accordingly. Rabin, J. P., Shapiro, Cohalan and Martuscello, JJ., concur.