OPINION OF THE COURT
Martin B. Stecher, J.
This is a motion to stay two actions: Grishkat v Jones, pending in Erie County, and Adeson v Coleco, pending in Rensselaer County. The application is made pursuant to provisions of CPLR 2201 (with respect to the other pending actions, I was informed on the call of the calendar that those actions have been settled and that they are no longer the subject of an underlying declaratory judgment action).
Continental Casualty Company is an excess carrier for Coleco Industries, Inc. The latter manufactures swimming pools and has been made a defendant in the underlying personal injury actions. Continental contends that because of late notice of claim given it by Coleco that it, Continental, has no liability to defend or indemnify in these cases. It seeks to stay the plaintiffs in the underlying actions contending that if the stay is not granted Continental “will be irreparably harmed since it will have to decide, at substantial risk, whether to defend and/or indemnify its insured in the underlying actions.”
Continental cites as authority numerous cases in which stays of the underlying proceedings were granted pending the determination of the declaratory judgment action. In each such case the stay was granted in the underlying action itself. The cases cited by Continental are not cases in which the stay was granted in the declaratory judgment action.
*189 This assumes importance in this case. In reading the papers presented to the Justice of Special Term, Part 2, Continental’s attorneys made no allegations whatsoever about the existence of a pending declaratory judgment action. There is not a word to suggest that any of the defendants have been served with process in the declaratory judgment action and the defendants Adeson expressly denied such service. Clearly, the Justice of Special Term was misled. Continental asserts that such a stay may be granted pending service of the summons in the declaratory judgment action and cites in support thereof Ganas v Terry (16 AD2d 826). The difficulty with the Ganas case is that there the carrier disclaiming liability made its application in the pending personal injury action where jurisdiction obviously had been already acquired by the court over all parties. Continental has the right to proceed in the same fashion in Erie and Rensselaer Counties in the pending actions without having first acquired jurisdiction in the declaratory judgment action. But no motion can be made in an action that has npt yet begun.
The cases cited by Centinental in suppert ef the preposition that a stay should be granted involve primary carriers. The policy behind stays in such cases is clear — the carrier should not have to commit itself to participate in litigation unless it has an obligation to do so. The cases cited by Continental do not involve excess carriers. The distinction is significant for before the “prejudice” which Continental asserts it would suffer could occur it must be shown that Continental would have an obligation to defend. No such obligation is demonstrated here.
In its moving papers, Continental offers no evidence whatever of its obligation to defend. Quite improperly, the allegation arises for the first time in a reply affirmation served the day before submission of the motion. Annexed to the affidavit is an extract from the excess policy. It appears that only on “the cessation of the obligation of all underlying insurers either to investigate and defend the insured or to indemnify the insured” does the duty or even the right devolve upon Continental to assume those obligations. What is the evidence of “cessation of the obligation of all underlying insurers?” It is the assertion of Continental’s attorney that “CNA has advised that the primary insurer, National Union Fire Insurance Company of Pittsburgh, Pa [American International Insurance Co.], claims that the aggregate limits of the primary policy have been exhausted”. Discretionary relief of the type sought here is not likely to be granted based on hearsay, twice removed. It is alleged by Mr. Saretsky that Continental has told Saretsky (or someone else in his firm) that National Union has told Continental that the *190 policy has “been exhausted.” There are too many gaps in this statement. For one thing, we do not know whether there is but one underlying carrier or more than one carrier. Secondly, we don’t know what is meant by “exhausted.” Does it mean that all of the funds have been paid out? Does it mean that a sum in excess of primary coverage is now at risk? We have nothing here but a conclusory statement. No matter who made the conclusory statement, it would not serve as evidence to support this motion.
The motion is denied; first for lack of jurisdiction and, second, for demonstration of merits. Leave, is granted to Continental to make its application where it should have been made in the first instance: In Erie and Rensselaer Counties, respectively, in the pending underlying lawsuits.