■ MARYANN PELUSO et al., Appellants, v RED ROSE RESTAURANT, INC., et al., Respondents. [910 NYS2d 378]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Balter, J.), dated July 1, 2009, which granted the defendants' cross motion to stay all proceedings in the action pursuant to CPLR 2201 pending resolution of an action entitled *Tower Ins. Co. of N.Y. v Red Rose Rest., Inc.*, commenced in the Supreme Court, New York County, under index No. 109554/07, and denied their cross motion to compel certain additional discovery.

Ordered that the order is affirmed, with costs.

It is within the Supreme Court's discretion to issue a stay pursuant to CPLR 2201 (*see Winters Bros. Recycling Corp. v H.B. Millwork, Inc.*, 72 AD3d 942 [2010]; *Fleet Natl. Bank v Marrazzo*, 23 AD3d 337 [2005]). The Supreme Court providently exercised its discretion in granting the defendants' cross motion to stay all proceedings in the subject action pending resolution of an action commenced by the defendants' insurer seeking a declaratory judgment regarding insurance coverage for the defendants (*see Morehouse v Lagas*, 274 AD2d 791 [2000]; *Dionisio v Auto Hire*, 67 AD2d 996 [1979]; *see also Cubero v Schwartz*, 51 AD2d 760 [1976]; *Ganas v Terry*, 16 AD2d 826 [1962]).

CPLR 3101 (a) requires, in pertinent part, "full disclosure of all matter material and necessary in the prosecution or defense of an action." The principle of "full disclosure" does not give a party the right to uncontrolled and unfettered disclosure (*Gilman & Ciocia, Inc. v Walsh*, 45 AD3d 531 [2007]). The Supreme Court has broad discretion over the supervision of disclosure, and its determination will not be disturbed absent an improvident exercise of that discretion (*see Reilly Green Mtn. Platform Tennis v Cortese*, 59 AD3d 694 [2009]; *Cabellero v City of New York*, 48 AD3d 727, 728 [2008]; *Gilman & Ciocia, Inc. v Walsh*, 45 AD3d 531 [2007]). Here, the Supreme Court providently exercised its discretion in denying the plaintiffs' cross motion to compel certain additional discovery (*see Spodek v Neiss*, 70 AD3d 810 [2010]). Skelos, J.P., Balkin, Chambers and Austin, JJ., concur.