OPINION OF THE COURT
Donna M. Mills, J.
Defendants Peter Yeung, also known as Ko Fung Yeung (Yeung), Maggie Lee (Lee) and Millennium Building & Land, Inc. (Millennium) (collectively, moving defendants) move, pursuant to CPLR 3211 (a) (2), (5), (7) and (8), to dismiss the complaint asserted as against them or, in the alternative, stay the instant proceeding pending the outcome of the New Jersey federal action involving these parties, as well as quashing the subpoenas served upon Yeung and Lee and canceling the notice of pendency filed by plaintiffs. Plaintiffs cross-move, pursuant to CPLR 3124, to compel discovery or, in the alternative, to strike defendants’ answer. By an undated stipulation, plaintiffs agree that their cross motion is inapplicable to defendant Wen *888 Chen, also known as Wenbo Chen, also known as He Chen, doing business as Ocean Buffet LLC.
Background
In the complaint, plaintiffs allege that defendants fraudulently transferred property in violation of New York’s Debtor and Creditor Law. The basis of this action arises out of claims based on alleged violations of the Fair Labor Standards Act and the New Jersey Wage and Hour Law, as well as conversion of tips. Plaintiffs, prior to the institution of the instant action, filed suit in the Federal District Court in New Jersey as creditors of defendants (Chen et al. v Century Buffet and Restaurant, Inc. et al., index No. 09-1687). The federal action was dismissed as against Millennium only, by a decision filed on December 14, 2010.
Plaintiffs claim that defendants have transferred real property located in New York in order to divest themselves of funds so as to hinder, delay and/or defraud plaintiffs of sums due and owing to them.
Moving defendants assert that this claim is barred by the New Jersey entire controversy doctrine, and they present the same arguments that were provided to this court in their earlier motion to vacate the default judgment entered against them. In this court’s prior decision, it was determined that this argument established a meritorious defense, only for the purpose of vacating the default. (Rong Chen v Yeung, 31 Misc 3d 1223[A], 2011 NY Slip Op 50810[U] [2011].)
Moving defendants argue that plaintiffs’ claims arise out of federal and New Jersey law and that any relief to which they may be entitled will be determined by the federal court in New Jersey. Hence, claim moving defendants, if this court maintains the current action there is the possibility of conflicting outcomes.
Moving defendants also maintain that discovery should be stayed pending the determination of this motion and that the subpoenas duces tecum were facially defective in indicating that the office for plaintiffs’ counsel was 60 Centre Street, New York, New York, the address for this court. Further, moving defendants claim that the subpoenas were defective in being over-broad.
Lastly, moving defendants request that the court cancel the notice of pendency because, in reviewing the complaint, the action fails to fall within the scope of CPLR 6501.
*889 In opposition to the instant motion, plaintiffs contend that the action in the federal court in New Jersey and the present action are separate and distinct, in that, in the federal action plaintiffs are seeking money damages, whereas in the present litigation they are seeking a declaration that certain transfers of property were made fraudulently in derogation of plaintiffs’ rights as moving defendants’ creditors. Further, state plaintiffs, none of the properties that are the subject of this action are named in the federal suit.
It is plaintiffs’ position that the New York property transfers hinder moving defendants’ “ability to pay [their] anticipated liability towards Plaintiffs should such liability mature.” (Opposition at 8.) In this context, plaintiffs state that in the federal action they must prove wage and hour liability, whereas in the present action they have to prove that they are potential creditors, which, plaintiffs claim, clearly indicates that the two suits are distinct.
As to plaintiffs’ cross motion to compel discovery, they aver that they served discovery demands on moving defendants on March 29, 2011, but that moving defendants have yet to respond. (Opposition, exhibit G.)
Moreover, plaintiffs assert that the New Jersey entire controversy doctrine applies only to successive suits with interrelated claims, not to simultaneously pending actions.
Plaintiffs also assert that, whereas the address appearing in the subpoena was incorrect, all of the other information was correct, since the hearing was to be held at the courthouse, not at counsels’ office.
Lastly, plaintiffs maintain that the notice of pendency should not be canceled because the action directly affects title to the property.
In reply, in addition to reasserting their initial arguments, moving defendants claim that the entire basis for the present action is that defendants will be found liable to plaintiffs in the New Jersey action and that plaintiffs seek to restrain defendants’ New York assets to satisfy this potential judgment. Hence, in sum and substance, moving defendants maintain that the basis of this action is potential enforcement of a New Jersey judgment that has yet to take place.
Discussion
CPLR 3211 (a), “Motion to dismiss cause of action,” states that
*890 “[a] party may move for judgment dismissing one or more causes of action asserted against him on the ground that: . . .
“(2) the court has not jurisdiction of the subject matter of the cause of action; or . . .
“(5) the cause of action may not be maintained because of arbitration and award, collateral estoppel, discharge in bankruptcy, infancy or other disability of the moving party, payment, release, res judicata, statute of limitations, or statute of frauds; or . . .
“(7) the pleading fails to state a cause of action; or
“(8) the court has not jurisdiction of the person of the defendant.”
As stated in Ladenburg Thalmann & Co. v Tim’s Amusements (275 AD2d 243, 246 [1st Dept 2000]),
“the court’s task is to determine only whether the facts as alleged, accepting them as true and according plaintiff every possible favorable inference, fit within any cognizable legal theory {Leon v Martinez, 84 NY2d 83, 87-88). Dismissal pursuant to CPLR 3211 (a) (1) is warranted only if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law {id., at 88).”
To defeat a pre-answer motion to dismiss pursuant to CPLR 3211, the opposing party need only assert facts of an evidentiary nature which fit within any cognizable legal theory. {Bonnie & Co. Fashions v Bankers Trust Co., 262 AD2d 188 [1st Dept 1999].) Further, if any question of fact exists with respect to the meaning and intent of the contract in question, based on the documentary evidence supplied to the motion court, a dismissal pursuant to CPLR 3211 is precluded. {Khayyam v Doyle, 231 AD2d 475 [1st Dept 1996].)
That portion of moving defendants’ motion seeking to cancel the notice of pendency is granted.
“Cancellation of a notice of pendency can be granted in the exercise of the inherent power of the court . . . ‘When the court entertains a motion to cancel a notice of pendency in its inherent power to analyze whether the pleading complies with CPLR 6501, it neither assesses the likelihood of success on the merits nor considers material beyond the pleading itself; “the court’s analysis is to be limited to the *891 pleading’s face” ’ ” {Ewart v Ewart, 78 AD3d 992, 992-993 [2d Dept 2010] [citations omitted]).
In determining whether to cancel a notice of pendency, the court is restricted
“by requiring that the relief requested be directly related to the statutory terms . . .
“The courts have been frequently confronted by attempts to file a notice of pendency in controversies that more or less referred to real property, but which did not necessarily seek to directly affect title to or possession of the land. In the absence of this direct relationship, the remedy [of a notice of pendency] was denied.” {5303 Realty Corp. v O & Y Equity Corp., 64 NY2d 313, 321 [1984].)
In analyzing the complaint, it is apparent that plaintiffs are attempting to protect assets from being transferred to satisfy a potential debt; they are not, in fact, seeking title to the property or any possessory right thereto. {Id.) Therefore, a notice of pendency is inappropriate.
It is noted that this court has enjoined defendants from any transfers of certain property enumerated in the court’s earlier decision, which the court believes is sufficient to protect plaintiffs’ potential rights.
That branch of moving defendants’ motion seeking to dismiss the complaint is granted to the extent of staying the present action pending the outcome of the federal suit in New Jersey.
“Basically, the entire controversy doctrine seeks to assure that all aspects of a legal dispute occur in a single lawsuit. The goals of the doctrine are to promote judicial efficiency, assure fairness to all parties with a material interest in an action, and encourage the conclusive determination of a legal controversy. One part of the doctrine, described generally as ‘claims joinder,’ requires that parties should present all affirmative claims and defenses arising out of a controversy. Another part, known as ‘party joinder,’ requires the mandatory joinder of all parties with a material interest in a controversy . . .
“Thus, the entire controversy doctrine encompasses ‘virtually all causes, claims, and defenses relating to a controversy’ between parties engaged in litigation.” {Olds v Donnelly, 150 NJ 424, 431-432, 433, *892 696 A2d 633, 637-638 [Sup Ct 1997] [citations omitted].)
Moreover, the entire controversy doctrine has been held to be a preclusionary principle intended to prevent the fractionalization of litigation, requiring all claims between the parties arising out of, or relating to, the same occurrence to be determined in a single action. (Brown v Brown, 208 NJ Super 372, 377-378, 506 A2d 29, 31-33 [App Div 1986].)
In the case at bar, the New Jersey action will determine whether plaintiffs are indeed creditors of defendants, the basis for the New York lawsuit. Hence, the New Jersey action determines whether plaintiffs have a cause of action in New York; basically, the New York action seeks to enforce a potential New Jersey judgment. Moreover, plaintiffs would have to bring an action in New York to enforce a foreign judgment against New York realty, something the federal court in New Jersey could not do.
Further, “the entire controversy doctrine only precludes successive lawsuits involving related claims. It does not require dismissal when multiple actions involving the same or related claims are pending simultaneously.” (Kaselaan & D’Angelo Assoc., Inc. v Soffian, 290 NJ Super 293, 299, 675 A2d 705, 708 [App Div 1996].) Since plaintiffs’ claims as creditors cannot be resolved until the liability of defendants to plaintiffs is determined in the federal court, there is no need, under the entire controversy doctrine, to dismiss the present lawsuit. (Lamarr v City of Newark, 2009 WL 2177233, 2009 NJ Super Unpub LEXIS 3212 [NJ Super, App Div 2009].)
CPLR 2201 allows a New York court to stay proceedings “in a proper case, upon such terms as may be just.” Unless a stay would violate the law, New York courts have discretion to grant a stay in cases where there is a pending action elsewhere. (See Britt v International Bus Servs., 255 AD2d 143, 144 [1st Dept 1998].) Typically, such stays are granted when they will avoid multiplicity of litigation and the waste of judicial resources. (Trieber v Hopson, 27 AD2d 151, 152 [3d Dept 1967].)
Based on the foregoing, the court exercises its discretion to stay the present action pending the determination of defendants’ liability to plaintiffs in the action now pending in the Federal District Court in New Jersey.
Plaintiffs’ cross motion is denied.
CPLR 3126 provides for the imposition of penalties if a party wilfully refuses to obey a discovery order. Such penalties *893 may include striking the recalcitrant party’s pleadings or precluding that party from introducing evidence at trial relating to those matters which the party has failed to disclose during discovery. However, striking the pleadings is a drastic measure and CPLR 3126 is an enforcement mechanism, giving the court power to impose various penalties for failure to obey a court order. (Postel v New York Univ. Hosp., 262 AD2d 40 [1st Dept 1999].)
In the instant matter, the court has not issued any discovery order and, hence, moving defendants cannot be found to have disobeyed a directive of the court. Furthermore, since the present action is stayed, pursuant to this decision, there is no need to issue an order to compel.
Conclusion
Based on the foregoing, it is hereby ordered that the motion to dismiss is granted to the extent of staying further proceedings in this action, except for an application to vacate or modify said stay; and it is further ordered that either party may make an application by order to show cause to vacate or modify this stay upon the final determination of the action known as Chen et al. v Century Buffet and Restaurant Inc., et al., civil action number 09-1687 (SRC), pending before the United States District Court for the District of New Jersey; and it is further ordered that movant is directed to serve a copy of this order with notice of entry on the Trial Support Office (Room 158); and it is further ordered that the notice of pendency filed by plaintiffs, indexed as 100645/09 in Queens County, is hereby canceled and defendants are directed to serve a copy of this order with notice of entry upon the Clerk of Queens County who is directed to cancel said notice of pendency; and it is further ordered that plaintiffs’ cross motion is denied.