■ MICHAEL BUXBAUM, Appellant, v NADINE CASTRO, Respondent. [919 NYS2d 175]—

CPLR 3101 (a) requires, in pertinent part, "full disclosure of all matter material and necessary in the prosecution or defense of an action." However, the principle of "full disclosure" does not give a party the right to uncontrolled and unfettered disclosure (*Gilman & Ciocia, Inc. v Walsh*, 45 AD3d 531 [2007]; *see Peluso v Red Rose Rest., Inc.*, 78 AD3d 802, 803 [2010]). The Supreme Court has broad discretion over the supervision of disclosure, and its determination will not be disturbed absent an improvident exercise of that discretion (*see Foster v Herbert Slepoy Corp.*, 74 AD3d 1139, 1140 [2010]; *Reilly Green Mtn. Platform Tennis v Cortese*, 59 AD3d 694, 695 [2009]). Under the circumstances of this case, the Supreme Court did not improvidently exercise its discretion in denying that branch of the plaintiff's motion which was to direct the defendant to permit him and/or his "authorized computer forensic experts" to "impound, clone and inspect" certain computer equipment, including hard drives and other digital data storage devices, possessed by the defendant (*see Gilman & Ciocia, Inc. v Walsh*, 45 AD3d at 531). Covello, J.P., Belen, Hall and Miller, JJ., concur.