◼ Lorenzo Almonte, Respondent, v 638 West 160 LLC, Appellant. [29 NYS3d 178]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered September 18, 2015, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendant failed to make a prima facie showing of its entitlement to judgment as a matter of law (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Plaintiff testified at his deposition that he slipped due to a loose step on a stairway in a building owned by defendant. Any ambiguity in his testimony as to the cause of his fall is attributable to his attempt at humor and to the fact that he was testifying through an interpreter (*see Rodriguez v Leggett Holdings, LLC*, 96 AD3d 555, 556 [1st Dept 2012]). Moreover, defendant's superintendent testified that a step was loose on that stairway, and that it was repaired on the same day that plaintiff fell. The superintendent's uncertain testimony failed to eliminate any issue of fact as to which step was repaired or the time of the repair. The affidavit of defendant's managing member differed from the superintendent's testimony as to, among other things, the time and location of the repair. In any event, the managing member's affidavit cannot be considered in support of the motion, because he did not indicate that the affidavit is based on his personal knowledge of the facts (*see JMD Holding Corp. v Congress Fin. Corp.*, 4 NY3d 373, 384-385 [2005]).

Given the foregoing determination, we need not consider the sufficiency of plaintiff's opposing papers (*Winegrad*, 64 NY2d at 853). In any event, plaintiff's submissions, particularly the affidavit of a nonparty witness, raised an issue of fact as to both actual and constructive notice. Any discrepancy between that affidavit and the nonparty's prior unsworn statement raises a credibility issue not properly resolved on a motion for summary judgment (*see S.J. Capelin Assoc. v Globe Mfg. Corp.*, 34 NY2d 338, 341 [1974]).

We have considered defendant's remaining arguments and find them unavailing. Concur—Sweeny, J.P., Acosta, Manzanet-Daniels, Gische and Gesmer, JJ.