■ ZBIGNIEW RUCINSKI et al., Respondents, v MORE RESTORATION CO. INC. et al., Defendants, and KRAUS MANAGEMENT,

Inc., et al., Appellants. (And Six Third-Party Actions.) [47 NYS3d 281]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered January 6, 2016, which, to the extent appealed from, denied the motion of defendants Kraus Management, Inc. and Franklin Kite Housing Development Fund Corporation (hereinafter, defendants) to the extent it sought an order compelling plaintiffs to provide HIPAA-compliant *Arons* authorizations for certain medical personnel who authored reports containing statements concerning how the accident occurred, or so-ordering proposed subpoenas addressed to those medical professionals for depositions limited to that topic, unanimously affirmed, to the extent it denied the motion to compel plaintiffs to provide authorizations, and the appeal therefrom otherwise dismissed, as premature, without costs.

In this Labor Law § 240 (1) action, plaintiff Zbigniew Rucinski alleges that he was struck by a falling object while performing construction work at a building owned and managed by defendants. Conflicting accounts of how plaintiff's accident took place appear in his medical records, and the records, alone, do not clarify how the accident occurred.

Defendants requested that plaintiff provide authorizations pursuant to *Arons v Jutkowitz* (9 NY3d 393 [2007]), so that they could depose the medical providers who created the records, pursuant to proposed subpoenas providing notice that testimony was sought concerning the statements in the medical records about the cause of plaintiff's accident. Plaintiffs objected that the discovery sought concerning hearsay statements was irrevelant.

While the discovery sought is relevant under the broad standard of CPLR 3101 (*see Matter of Kapon v Koch*, 23 NY3d 32, 38 [2014]; *Benavides v City of New York*, 115 AD3d 518 [1st Dept 2014]), the court providently exercised its discretion in denying defendants' request to compel plaintiffs to provide *Arons* authorizations. In *Arons v Jutkowitz*, the Court of Appeals permitted informal interviews of an adverse party's treating physician, provided that a valid authorization has been provided, and that the attorney makes clear that "any discussion with counsel is entirely voluntary and limited in scope to the particular medical condition at issue" (*id.* at 410, 413-415). Here, defendants sought depositions of plaintiff's medical providers pursuant to CPLR 3101 (a) (4), not interviews, and

specified that the subject of the depositions was not diagnosis and treatment, but statements recorded in medical records relating to the cause of the accident. Accordingly, there was no need for plaintiff to provide HIPAA-compliant authorizations.

There being no indication that defendants have been issued or served (CPLR 2302 [a]), no determination can be made with respect to whether the subpoenas are proper (*see Cuomo v Long Is. Light. Co.*, 71 NY2d 349, 354 [1988]). Concur—Sweeny, J.P., Acosta, Mazzarelli, Manzanet-Daniels and Webber, JJ.