Matter of Malitz Family Trust. (2020 NY Slip Op 05755)





Matter of Malitz Family Trust.


2020 NY Slip Op 05755


Decided on October 14, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 14, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-14096

[*1]In the Matter of Malitz Family Trust. Jeanne Maltz, respondent; Allison Angorola, appellant. (File No. 391098/16)


Patricia Harold, Garden City, NY (Sweetbaum & Sweetbaum [Joel M. Sweetbaum], of counsel), for appellant.
Meltzer, Lippe, Goldstein & Breitstone, LLP, Mineola, NY (David A. Bamdad of counsel), for respondent.



DECISION & ORDER
In a hybrid miscellaneous proceeding and action for declaratory relief, the objectant appeals from an order of the Surrogate's Court, Nassau County (Margaret C. Reilly, S.), dated September 11, 2018. The order denied the objectant's motion, inter alia, pursuant to CPLR 3124 to compel discovery.
ORDERED that the order is affirmed, with costs.
The petitioner commenced this hybrid miscellaneous proceeding and action for declaratory relief in the Surrogate's Court, Nassau County, seeking, among other things, a declaration that a particular trust remained in full force and effect, and to have the objectant directed to transfer certain real property to that trust for distribution according to its terms. The objectant and others opposed, and the parties began engaging in discovery in the fall of 2017. The objectant thereafter moved, inter alia, pursuant to CPLR 3124 to compel certain discovery. The objectant asserted that the petitioner failed to disclose all relevant email and text message communications, and sought to have the petitioner compelled to submit her cell phones and computer hard drives for a forensic analysis to locate undisclosed discoverable material. The Surrogate's Court denied the motion by order dated September 11, 2018. The objectant appeals.
CPLR 3101(a) provides that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action." "The words, 'material and necessary,' are . . . to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason" (Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406). "At the same time, however, the principle of 'full disclosure' does not give a party the right to uncontrolled and unfettered disclosure" (Mendives v Curico, 174 AD3d 796, 797; see Buxbaum v Castro, 82 AD3d 925, 925). The Court of Appeals "has recognized that 'litigants are not without protection against unnecessarily onerous application of the discovery statutes. Under our discovery statutes and case law, competing interests must always be balanced: the need for discovery must be weighed against any special burden to be borne by the opposing party'" (Forman [*2]v Henkin, 30 NY3d 656, 661-662, quoting Kavanagh v Ogden Allied Maintenance Corp., 92 NY2d 952, 954). "'It is incumbent on the party seeking disclosure that the method of discovery sought will result in the disclosure of relevant evidence or is reasonably calculated to lead to the discovery of information bearing on the claims'" (Mendives v Curico, 174 AD3d at 797, quoting Crazytown Furniture v Brooklyn Union Gas Co., 150 AD2d 420, 421).
Here, in light of the objectant's failure to substantiate her claim that the petitioner did not produce all the discoverable material in her possession, and the breadth of irrelevant material the petitioner would be required to turn over to satisfy the objectant's request, the Surrogate's Court providently exercised its discretion in denying the objectant's motion, inter alia, to compel discovery (see Buxbaum v Castro, 82 AD3d at 925).
We need not reach the objectant's remaining contentions in light of our determination.
BALKIN, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court