Lonigro v WFP Tower B. Co. L.P. (2021 NY Slip Op 06547)





Lonigro v WFP Tower B. Co. L.P.


2021 NY Slip Op 06547


Decided on November 23, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 23, 2021

Before: Acosta, P.J., Renwick, Kapnick, Kennedy, Mendez, JJ. 


Index No. 152232/15, 595096/20 Appeal No. 14554 Case No. 2020-04839 

[*1]Frank Lonigro et al., Plaintiffs-Respondents-Appellants,
v
WFP Tower B. Co. L.P., et al., Defendants-Appellants-Respondents, Brookfield Asset Management, LLC, Defendant.
WFP Tower B Co. L.P., Third-Party Plaintiff-Appellant-Respondent, Brookfield Asset Management, LLC, Third-Party Plaintiff,
v
Structure Tone Inc., Third-Party Defendant-Respondent.


Kaufman Dolowich & Voluck, White Plains (Matthew Rosen of counsel), for appellants-respondents.
Sullivan Papain Block McGrath Coffinas & Cannavo P.C., New York (Christopher J. DelliCarparini of counsel), for respondents-appellants.
Cullen and Dykman LLP, New York (Daniel P. Mevorach of counsel), for respondent.



Order, Supreme Court, New York County (Barbara Jaffe, J.), entered November 19, 2020, which, to the extent appealed from as limited by the briefs, granted defendants-appellants' motion for summary judgment dismissing the complaint as against WFP Tower B. Co. L.P. (WFP), and denied the motion as to the other defendants, granted plaintiffs' motion to preclude defendants from relying on an affidavit by one of plaintiffs' treating physicians, granted plaintiffs' motion for a protective order seeking to vacate defendants' subpoena of the treating physician, and denied plaintiffs' motion for an adverse inference charge at trial based on spoliation of evidence, unanimously modified, on the law, to the extent of granting plaintiffs' motion for an adverse inference, and otherwise affirmed, without costs.
This action arises from injuries sustained by plaintiff Frank Lonigro when he was a passenger in an elevator that dropped and abruptly stopped. Plaintiffs sue, among others, both the owner of the property, WFP, and Thyssenkrup Elevator Corporation (TEC), the company hired by the owner to do regular maintenance work on the elevator system.
Supreme Court properly denied TEC's motion for summary judgment. TEC failed to establish that the doctrine of res ipsa loquitur does not apply in this case, in which plaintiff testified that he was injured after he entered an elevator and the elevator descended rapidly and stopped abruptly. Contrary to TEC's contention, an accident of this type does not ordinarily occur in the absence of negligence (see Orea v NH Hotels USA, Inc., 187 AD3d 476, 478 [1st Dept 2020]; see also Mejia v New York City Tr. Auth., 291 AD2d 225, 227 [1st Dept 2002]). While TEC presented evidence that the accident might not have occurred in the manner that plaintiff described, plaintiff's testimony about how the accident occurred was sufficient to create an issue of fact (see Miller v Schindler El. Corp., 308 AD2d 312, 313 [1st Dept 2003]). We note that TEC did not argue that the free fall described by plaintiff was either electrically or mechanically impossible (see id.; Cinquemani v Otis El. Co., 179 AD3d 588, 588-589 [1st Dept 2020]; cf. Espinal v Trezechahn 1065 Ave. of the Ams., LLC, 94 AD3d 611, 614 [1st Dept 2012] ["expert's uncontroverted litany of reasons unrelated to negligence" for an elevator to stop in a shaftway negates the element of the doctrine that the event must be of a kind that ordinarily does not occur absent someone's negligence]).
TEC also failed to establish that plaintiff's injuries were not caused by this accident. As an initial matter, the court properly declined to consider the June 2017 affidavit by plaintiff's treating physician, as the authorization obtained pursuant to Arons v Jutkowitz (9 NY3d 393 [2007]) permitted an informal interview but did not permit defendants to obtain a formal affidavit by the physician (see generally Rucinski v More Restoration Co. Inc., 147 AD3d 485 [1st Dept 2017]; see also Arons[*2], 9 NY3d at 409; McCarter v Woods, 106 AD3d 1540, 1541-1542 [4th Dept 2013]). While TEC also relied on plaintiff's medical records, it provided no other expert testimony establishing that the accident did not exacerbate plaintiff's preexisting conditions. In any event, plaintiffs raised an issue of fact by submitting a second affidavit by plaintiff's treating physician opining that the accident exacerbated previously manageable conditions and caused plaintiff to become disabled. Any discrepancies in the physician's two affidavits only raise credibility issues, which are not properly resolved on this motion (see Almonte v 638 W. 160 LLC, 139 AD3d 439, 439 [1st Dept 2016]).
Supreme Court properly granted WFP's motion for summary judgment. WFP established that the doctrine of res ipsa loquitur does not apply to it, as it had ceded maintenance of the elevator to TEC (see Sanchez v New Scandic Wall L.P., 145 AD3d 643 [1st Dept 2016]). WFP also established that it lacked notice of the allegedly hazardous condition of the elevator (see Levine v City of New York, 67 AD3d 510 [1st Dept 2009]). Contrary to plaintiffs' contention, the prior report of the elevator doors failing to open in a timely fashion was not sufficient to constitute actual or constructive notice to WFP of a free-fall issue, and, in any event, the approximately two-minute period following the prior incident did not give WFP sufficient time to detect and remedy the alleged hazard (see generally Early v Hilton Hotels Corp., 73 AD3d 559, 561 [1st Dept 2010]).
The court providently exercised its discretion in quashing the subpoena served on the treating physician months after plaintiffs filed a note of issue, as defendants did not move the court for permission to conduct the requested deposition (see 22 NYCRR 202.21(d); Tirado v Miller, 75 AD3d 153, 161 [2d Dept 2010]).
Regarding plaintiffs' cross appeal, plaintiffs dem0nstrated their entitlement to an adverse inference with respect to the elevator's central processing unit (CPU). As was noted by the motion court, it is undisputed that TEC was notified of the accident and plaintiff's injury on the day of the accident. Further, TEC concedes that it had control over the CPU and that it removed the CPU, replaced it and did not preserve it, but instead returned it under warranty as defective. The relevance of the CPU to plaintiffs' claim is clear in that defendants' expert has opined that the CPU could have caused the elevator to malfunction. Under these circumstances, an appropriate adverse inference charge at the time of trial is warranted (see Castro v 510 W. 188th St. Assoc., LLC, 191 AD3d 423 [1st Dept 2021] [where the plaintiff demonstrated that the defendant had an
obligation to preserve the video footage at the time of its destruction, that the defendant negligently failed to do so, and that the destroyed video footage was relevant]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT[*3].
ENTERED: November 23, 2021