Yan v Kalikow Mgt., Inc. (2023 NY Slip Op 03817)

Yan v Kalikow Mgt., Inc.

2023 NY Slip Op 03817

Decided on July 12, 2023

Appellate Division, Second Department

Maltese, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LILLIAN WAN, JJ.

2022-07112
 (Index No. 711060)

[*1]Gladys Yan, respondent, 
v
Kalikow Management, Inc., et al., appellants, et al., defendants.

APPEAL by the defendants Kalikow Management, Inc., Kaled Management Corp., and Kalikow Family Partnership, L.P., from an order of the Supreme Court (Tracy Catapano-Fox, J.), entered July 27, 2022, in Queens County. The order, insofar as appealed from, denied that branch of those defendants' motion which was to compel the plaintiff to provide an authorization pursuant to Arons v Jutkowitz (9 NY3d 393) to interview Alejandro F. Molina, a physician assistant.

Margaret G. Klein (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Nicholas S. Bruno], of counsel), for appellants.
Lerner, Arnold & Winston, LLP, New York, NY (Anne Marie Bossart and Charles Martin Arnold of counsel), for respondent.

MALTESE, J.

OPINION & ORDER
Introduction
The issue in this appeal is whether, under Arons v Jutkowitz (9 NY3d 393), the defendants Kalikow Management, Inc., Kaled Management Corp., and Kalikow Family Partnership, L.P. (hereinafter collectively the defendants), were entitled to an authorization to conduct an informal, ex parte interview of a physician assistant who treated the plaintiff. This case apparently presents a matter of first impression, as the defendants seek to interview the physician assistant about a statement the plaintiff made regarding the cause of her accident, rather than about the diagnosis or treatment of the injury that allegedly resulted from the accident. We hold that the Supreme Court properly denied that branch of the defendants' motion which was for an Arons authorization, because compelling the plaintiff to provide such an authorization would constitute an unwarranted extension of the Court of Appeals' holding in Arons v Jutkowitz.
Factual and Procedural Background
On July 22, 2017, the plaintiff's vehicle was parked on the street in front of the property located at 142-10B Roosevelt Avenue in Queens. The defendants owned and managed the property. The plaintiff walked in the street behind her vehicle, stepped onto the sidewalk, and walked into a tree well near the passenger side door of her vehicle. She allegedly tripped and fell and fractured her right wrist while she was walking in the tree well.
After the accident, the plaintiff was taken to the emergency department at New York- Presbyterian Hospital, where she was treated by physician assistant Alejandro F. Molina. The medical record prepared by Molina indicates that the plaintiff reported that "she was attempting to enter her automobile on the passenger's side when she tripped over a tree branch falling onto [her] outstretched right arm."
On July 18, 2018, the plaintiff commenced this personal injury action against the [*2]defendants, among others. She alleged in the complaint and in the bill of particulars that she fell due to poorly maintained paver blocks, loose and out-of-place pavers, and exposed tree roots. At her deposition, the plaintiff testified that she tripped when she stepped onto a paver with her right foot, which caused her to stumble.
The defendants' counsel served upon the plaintiff's counsel two demands for an authorization pursuant to Arons v Jutkowitz (9 NY3d 393) to permit counsel to interview Molina. The defendants' counsel also sent two good faith letters to the plaintiff's counsel. The plaintiff did not provide the authorization.
On March 28, 2022, the defendants moved, inter alia, to compel the plaintiff to provide an Arons authorization to interview Molina. By order entered July 27, 2022, the Supreme Court, among other things, denied that branch of the defendants' motion. The court determined, inter alia, that the inconsistent statement in the medical record prepared by Molina with respect to the cause of the accident was not a sufficient reason to compel the plaintiff to provide an Arons authorization, "which is limited in scope to plaintiff's medical condition." The defendants appeal.
Analysis
The defendants contend that the Supreme Court should have granted that branch of their motion which was to compel the plaintiff to provide an Arons authorization to interview Molina. They argue that the Court of Appeals did not intend to exclude interviews related to the cause of the injury from the scope of its decision in Arons v Jutkowitz. CPLR 3101(a) provides that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action." However, "[t]he principle of full disclosure does not give a party the right to uncontrolled and unfettered disclosure" (Romance v Zavala, 98 AD3d 726, 728 [internal quotation marks omitted]). "The Supreme Court has broad discretion over the supervision of disclosure, and its determination will not be disturbed absent an improvident exercise of that discretion" (Buxbaum v Castro, 82 AD3d 925, 925).
In 1996, Congress enacted the Health Insurance Portability and Accountability Act (hereinafter HIPAA) in order to "improve the portability and continuity of health insurance coverage," "combat waste, fraud, and abuse in health insurance and health care delivery," and "simplify the administration of health insurance," among other things (Pub L 104-191, 110 US Stat 1936). "HIPAA mandated national standards for electronic medical data management," but the shift to electronic medical records raised concerns about maintaining the confidentiality of sensitive patient information (Arons v Jutkowitz, 9 NY3d at 412). The United States Department of Health and Human Services subsequently adopted a privacy rule (hereinafter the privacy rule), which forbids covered entities, including health care providers, from disclosing an individual's protected health information without a valid authorization, except under certain circumstances as provided for under the privacy rule (see 45 CFR parts 160, 164; Arons v Jutkowitz, 9 NY3d at 413-414).
In Arons v Jutkowitz (9 NY3d 393), the Court of Appeals considered the issue of whether, in light of the privacy rule, an attorney may interview an adverse party's treating physician ex parte, when the adverse party has affirmatively placed his or her medical condition in controversy. According to the Court, trial attorneys in New York had a long-standing practice of conducting ex parte interviews with adverse parties' treating physicians after the note of issue had been filed, in an attempt to obtain the physicians' assistance at trial (see id. at 410-411). The Court noted that no statutes or rules either expressly authorize or expressly forbid ex parte discussions with a nonparty (see id. at 409).
The Court of Appeals held that attorneys were permitted to continue this practice, but noted that the privacy rule "imposes procedural prerequisites unique to the informal discovery of health care professionals" (id. at 402). Therefore, the Court held that an "attorney who wishes to contact an adverse party's treating physician must first obtain a valid HIPAA authorization or a court or administrative order; or must issue a subpoena, discovery request or other lawful process with satisfactory assurances relating to either notification or a qualified protective order" (id. at 415). The Court further noted that, under the privacy rule, an authorization permitted a medical provider to make the disclosure that was authorized, but it did not require the medical provider to do so (see id. at 413).
Here, we find that the Supreme Court providently exercised its discretion in denying that branch of the defendants' motion which was to compel the plaintiff to provide an Arons authorization to interview Molina. The Court of Appeals in Arons v Jutkowitz did not explicitly address the issue involved in this case, where the defendants' counsel intends to interview a [*3]physician assistant about the reason that the plaintiff tripped, rather than about the plaintiff's injury or her medical condition. Instead, the Court of Appeals' decision in Arons v Jutkowitz distinguished between information about a medical condition that a plaintiff has placed in issue by commencing the action and information about other unrelated medical conditions which would still be protected under HIPAA. Furthermore, Arons v Jutkowitz involved three separate actions, all of which concerned allegations of medical malpractice, where causation is related to and intertwined with the issues of the patient's medical condition and treatment (see Arons v Jutkowitz, 9 NY3d 393 [failure to inform decedent that MRI revealed hydrocephalus; allegedly botched gastric surgery; failure to diagnose and treat perineal necrotizing fasciitis]). Because the Court of Appeals did not explicitly rule on whether an Arons authorization would apply to information about causation and liability, where, as here, the plaintiff's alleged injury was not caused by medical treatment but instead was caused by a trip and fall accident, granting the subject branch of the defendants' motion would result in an extension of the scope of Arons.
The decision of the Appellate Division, First Department, in Rucinski v More Restoration Co. Inc. (147 AD3d 485), on which the plaintiff relies, is instructive but is not quite on point. There, the plaintiff asserted causes of action pursuant to Labor Law § 240(1), and his medical records contained conflicting accounts of how the accident occurred. Certain defendants sought Arons authorizations so that they could depose the medical providers who created the records. The First Department affirmed the Supreme Court's denial of those defendants' motion to compel the plaintiffs to provide these authorizations. The First Department determined that the defendants were seeking "depositions of plaintiff's medical providers pursuant to CPLR 3101(a)(4), not interviews, and [the defendants] specified that the subject of the depositions was not diagnosis and treatment, but statements recorded in medical records relating to the cause of the accident. Accordingly, there was no need for plaintiff to provide HIPAA-compliant authorizations" (Rucinski v More Restoration Co. Inc., 147 AD3d at 486-487). Thus, although the First Department noted that the defendants were interested in obtaining information about causation rather than diagnosis and treatment, the First Department's determination appeared to turn on the fact that the defendants were seeking depositions and not informal interviews.
Thus, this case apparently presents a matter of first impression. We find that the Supreme Court providently exercised its discretion in denying that branch of the defendants' motion which was to compel the plaintiff to provide an authorization pursuant to Arons v Jutkowitz (9 NY3d 393) to interview Molina, a physician assistant. We decline to extend the scope of Arons v Jutkowitz to include an ex parte interview with a medical provider about the cause of an accident. We also note that article 31 of the CPLR affords litigants numerous discovery devices with which they may obtain such information.
Accordingly, the order is affirmed insofar as appealed from.
BRATHWAITE NELSON, J.P., WOOTEN and WAN, JJ., concur.
ORDERED that the order is affirmed insofar as appealed from, with costs.
ENTER: 
Maria T. Fasulo
Clerk of the Court